# SUPREME COURT,
## STATE OF KANSAS.

## JULY TERM, 1899.

PRESENT:

Hon. FRANK DOSTER, Chief Justice.
Hon. WILLIAM A. JOHNSTON, } Associate Justices.
Hon. WILLIAM R. SMITH,

The Topeka Capital Company v. The Remington Paper Company.

No. 11,262.* (57 Pac. 504.)

Corporations — *Promissory Note — "Business Manager"— Pleading.* The statutes of this state do not know such officers of corporations as "business managers," nor do the courts judicially know the usage of corporations to appoint them, nor that the authority rightfully exercised by them, when appointed, includes the execution of promissory notes in behalf of the corporation; hence, a petition on a promissory note, which note is signed in the name of the corporation by a person who describes himself as its "business manager," but which petition makes no allegation of authority in the person signing the note, does not state a cause of action.

Error from Shawnee district court; Z. T. Hazen, judge. Opinion filed June 10, 1899. Reversed.

*For opinion on rehearing, see the case immediately following. —Rep.

1—61 kan.

*T. W. Harrison, H. C. Safford*, and *D. R. Hite*, for plaintiff in error.

*Quinton & Quinton*, for defendant in error.

The opinion of the court was delivered by

DOSTER, C. J. : This was an action brought by the Remington Paper Company against the Topeka Capital Company, a corporation, on nine promissory notes. The following, excepting as to dates and amounts, is a copy of all the notes :

"Four months after date, we promise to pay to the order of the Remington Paper Co. ($800.00) eight hundred dollars, at Topeka, Kansas. Value received, with interest at eight per cent. per annum after date until paid.       THE TOPEKA CAPITAL COMPANY.
                           DELL KEIZER, *B. Mgr.*"

The defendant filed a general denial and also the following answer of new matter :

"*Second.*   For a second and further answer and defense herein, said defendant states that said Topeka Capital Company was incorporated under the laws of Kansas on the 6th day of June, 1890, and that said company has had, at all times, a board of six directors, and that none of the alleged notes, which purport to be set out in counts one, two, three, four, five, six, seven, eight and nine of plaintiff's petition, were ever authorized by the board of directors of said company, nor by a majority of said directors, and that defendant is not indebted to plaintiff on account thereof in any sum whatever."

The answer of new matter was verified in the following language :

"I, T. W. Harrison, being duly sworn, say that I am the attorney for the defendant, The Topeka Capital Company ; that said defendant is a corporation organized under the laws of the state of Kansas ; that

I have been attorney for said defendant ever since its organization, and have been one of the directors of said Topeka Capital Company ever since its organization, and am familiar with the records of said defendant; that I have read the second division of the answer filed by said defendant herein, and know the contents thereof, and that I believe the facts stated therein to be true ; that said Topeka Capital Company has at all times had a board of six directors, and that none of the notes set out in plaintiff's petition was ever authorized by said board of directors, nor by a majority of them, nor by a majority of a quorum of said directors.''

To defendant's answer the plaintiff filed a general denial in reply. The defendant filed a motion for judgment on the pleadings, which was overruled. The case was called for trial and the court ruled that the burden of proof was on the defendant. The defendant offered evidence in support of the allegations of its second ground of defense, but the same was rejected. The court thereupon rendered judgment on the pleadings in favor of the plaintiff. The defendant preserved exceptions to all these adverse rulings and has brought the case to us for review.

The questions are, Did the petition state a cause of action? and, Did the defendant's second answer constitute a defense? The petition did not allege any authority in Dell Keizer as business manager or other officer of the defendant to execute promissory notes in its name. Such being the case, the questions are easy of answer. We assume that B. Mgr. affixed to Keizer's name was intended as an abbreviation of ''business manager.'' A corporation can only act by some one duly authorized in its behalf. Authority may be conferred by the law directly, or by the governing body of the corporation. Under the statutes of this state, the governing body of a corporation is

the board of directors or trustees. In some instances the law confers authority directly on certain named officers other than the board of directors. The law designates some of the officers of corporations other than the board of directors, as, for instance, a president, secretary, treasurer, and the law implies certain powers in these specially named officers, because usage in the transaction of the business of the corporation has assigned to them specified duties the character of which is sufficiently indicated by the titles of the positions they hold. In addition to the powers which the law may have directly conferred on these officers, and other powers which usage allows to them, the board of directors may confer additional and special powers on them, and assign additional and special duties to them. Besides the officers which the law allows to a corporation, and which in a sense may be called its statutory officers, the board of directors may provide others unknown to the law for the transaction of the business of the corporation. However, no person but a director or other statutory officer of the corporation can become authorized to act for it, unless his appointment has been specially made by the board of directors. His authority to use the corporate name, and particularly to bind it by the execution of monetary obligations, must be specially conferred.

The statutes of this state know no such person as the business manager of a corporation. A corporation may have a business manager, but it can have him only by special appointment of the board of directors. Not being an officer which the statute has provided for the transaction of corporate business, the law is unable, in case he has been appointed, to determine what his duties are, or whether the execution of

promissory notes in the name of the corporation is one of them. In this case, no allegation having been made of the appointment of a business manager for the defendant corporation, the law cannot assume the existence of one, nor, if his existence could be assumed, could the law know what his duties were and whether they included the execution of the notes in controversy. It is altogether likely that many corporations have an official properly designated by them as "business manager," but the custom of having such officials is not so general as to be judicially known to the courts. Much less can it be said that the courts judicially know that the power to execute promissory notes has been conferred by usage on the business managers of such corporations as have chosen to appoint them. On the contrary, the law is that the business manager of a corporation does not have the authority to bind the corporation as maker of promissory notes unless the authority has been specifically conferred on him. (*Culver, Simonds & Co. v. Leovy et al.*, 19 La. Ann. 202; *Hel. Nat. Bank v. R. M. T. Co.*, 20 Mont. 379, 51 Pac. 832; 4 Thomp. Corp. §§ 4847–4851.)

It follows from these conclusions that the law attached no presumption of authority to the act of Keizer's signature of the corporate name over that of his own and his title of business manager. His authority to do so should have been alleged. The ruling of the court rejecting the evidence offered by the defendant under its answer of new matter was doubtless made under the mistaken view that the law conferred power on the business manager of a corporation to bind it by the execution of a promissory note; hence the court assumed that the allegation of the answer that the board of directors had not authorized the notes

in question stated no defense. This conclusion would have been correct if the premise had not been wrong. The premise, however, was wrong, and the judgment of the court below is reversed, with directions to proceed in accordance with this opinion.