## THE TOPEKA CAPITAL COMPANY v. THE REMINGTON PAPER COMPANY.

**No. 11,262.**   (59 Pac. 1062.)

1. CORPORATIONS—*Promissory Note—"Business Manager"—Pleading.* A corporation was sued on certain promissory notes, executed in the corporate name by one signing himself as "business manager," an officer of corporations unknown to the law, and of whose authority to execute notes for corporations the courts cannot know or presume anything, but the petition alleged that the notes "were made, executed and delivered by the corporation." *Held,* that this was a sufficient allegation of authority in the one signing them as "business manager" of the corporation.

2. —————— *Promissory Note—Pleading—Burden of Proof.* To a petition against a corporation on promissory notes the defendant filed a verified answer alleging that "none of the notes set out in plaintiff's petition was ever authorized by said board of directors, nor by a majority of them, nor by a majority of a quorum of said directors." *Held,* that it was a sufficient denial of the execution of the notes, and of the authority of the agent assuming to execute them for the corporation, and that it cast the burden of proof of their execution and the authority of the agent on the plaintiff, and that the court erred in rendering judgment against the defendant on the pleadings.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed February 10, 1900. Reversed.

*T. W. Harrison, H. C. Safford,* and *D. R. Hite,* for plaintiff in error.

*Quinton & Quinton,* for defendant in error.

The opinion of the court was delivered by

DOSTER, C. J. :  Upon the rehearing ordered in this case we have again given consideration to the questions involved in it.   Upon the first determination made of it we held (*ante*, p. 1) :

"The statutes of this state do not know such officers of corporations as 'business managers,' nor do the courts judicially know the usage of corporations to appoint them, nor that the authority rightfully exercised by them, when appointed, includes the execution of promissory notes in behalf of the corporation; hence, a petition on a promissory note, which note is signed in the name of the corporation by a person who describes himself as its 'business manager,' but which petition makes no allegation of authority in the person signing the note, does not state a cause of action."

Of the soundness of the decision thus made of the abstract question passed on we have no doubt, but in making it we overlooked, or rather did not, as we now think, give due weight to the following allegation in the plaintiff's petition:  "The said Topeka Capital Company made, executed and delivered its promissory notes  .   .   .   to this plaintiff herein, the Remington Paper Company."   As we now view it, this was a sufficient allegation of the authorized execution of the promissory notes in controversy. The specific allegation of authority in Dell Keizer, as the "business manager," or other agent of the defendant, ·to execute the notes, was not necessary in view of the general allegation that they were made, executed and delivered by the defendant itself.   The general rule of pleading in such cases is, as we believe, correctly stated thus :

"The acts of a corporation are necessarily done through its agents.   But a cause of action against a

corporation, founded on the acts of its agents, should be alleged directly against the corporation itself. The acts constituting the cause of action should be alleged as the acts of the corporation; it is not necessary to aver that they were done by and through the authorized agents of the corporation. And when a corporation sues on a contract made with it, it is not necessary to allege that the corporation made the contract by its duly authorized agent. If it is stated as the contract made by the corporation, it is sufficient without mention of the agent who executed it on behalf of the corporation." ( 5 Encyc. Pl. & Pr. 92.)

However, independently of the question thus reconsidered and determined by us, the court below took a view of the case through the medium of the pleadings in other respects which will compel us to adhere to our former order of reversal. To the petition the defendant filed an answer of new matter in the following words :

" Second. For a second and further answer and defense herein, said defendant states that said Topeka Capital Company was incorporated under the laws of Kansas on the 6th day of June, 1890, and that said company has had, at all times, a board of six directors, and that none of the alleged notes which purport to be set out in counts one, two, three, four, five, six, seven, eight and nine of plaintiff's petition were ever authorized by the board of directors of said company, nor by a majority of said directors, and that defendant is not indebted to plaintiff on account thereof in any sum whatever."

This answer was verified in the following words :

" I, T. W. Harrison, being duly sworn, say that I am the attorney for the defendant, The Topeka Capital Company ; that said defendant is a corporation organized under the laws of the state of Kansas ; that I have been attorney for said defendant ever since its organization, and have been one of the directors of said Topeka Capital Company ever since its organiza-

Capital Co. v. Remington.

tion, and am familiar with the records of said defend-
ant; that I have read the second division of the
answer filed by said defendant herein, and know the
contents thereof, and that I believe the facts stated
therein to be true ; that said Topeka Capital Company
has at all times had a board of six directors, and that
none of the notes set out in plaintiff's petition was
ever authorized by said board of directors, nor by a
majority of them, nor by a majority of a quorum of
said directors.''

To this verified answer the plaintiff filed a general
denial in reply.   Thereafter, each of the parties made
a motion for judgment in its favor on the pleadings.
Both of these motions were overruled and the defend-
ant excepted to the ruling on its motion.   When the
case was called for trial the court held that the bur-
den of proof was on the defendant, to which exception
was made by it.   However, when the defendant offered
evidence in support of its verified answer of new mat-
ter, the court, upon the plaintiff's objection, refused
to receive it, and, after refusing to receive it, rendered
judgment on the pleadings against the defendant.   To
the rejection of the offer of evidence and to the judg-
ment against it the defendant duly excepted.

The question which arises on these pleadings and
the proceedings thus stated involves the sufficiency of
the verified answer.   The plaintiff maintains that it
was not sufficient because it was not, in explicit terms,
a denial of the execution of the notes sued on, or of
the authority of Dell Keizer as an agent of the de-
fendant to execute them.   The argument is that the
answer and verification constitute a denial only of
any special authority to execute the particular notes
in suit ; *non constat* the authority to execute them may
have existed under general resolution of the board of
directors or be implied from general usage or practice

known and assented to by them. Pleadings are not to be construed thus narrowly and technically, but, on the contrary, they are to be liberally construed, and in the construction of them all reasonable intendments and presumptions will be indulged in their favor. An allegation that "none of the notes set out in plaintiff's petition was ever authorized by said board of directors, nor by a majority of them, nor by a majority of a quorum of said directors," is a denial of all authority, special or general, to execute the notes. This being the case, the court erred in its ruling imposing on the defendant the burden of proof, erred in its rejection of the defendant's offer of evidence, and erred in rendering judgment against the defendant on the pleadings.

A reversal of the case is therefore again ordered, with directions to proceed with the trial of it.