THE TOPEKA CAPITAL COMPANY v. H. T. MARCH
AND DELL KEIZER.

No. 734.* (61 Pac. 876.)

1. PLEADING—*Promissory Note—Agency—Corporate Act.* A petition that alleges the agency of one who executes a note purporting to be the note of a corporation, and avers, further, "That on the 1st day of September, 1896, at Topeka, Shawnee county, Kansas, the said defendant Topeka Capital Company made, executed and delivered to the plaintiff its certain promissory note in writing of that date," states a cause of action. An allegation that a corporation made and executed its promissory note is sufficient.

2. CORPORATIONS—*Ultra Vires—Estoppel.* A corporation cannot retain property, under a transaction *ultra vires,* and at the same time repudiate its obligation under the same transaction; it cannot accept and retain borrowed money and plead *ultra vires* to a suit for its recovery. The law interposes an estoppel.

*Petition for order to certify denied by supreme court September 9, 1900.—REP.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed July 11, 1900. Affirmed.

### STATEMENT.

THIS proceeding in error is prosecuted to reverse a judgment of the district court of Shawnee county. The material facts necessary to a proper understanding of the case are stated in the pleadings. The petition, in substance, was as follows :

"That at the time hereinafter mentioned the defendant, the Topeka Capital Company, was a corporation duly organized and existing under and by virtue of the laws of the state of Kansas, and that defendant Dell Keizer was, on the 1st day of February, 1896, for a long time prior thereto, and for a long time thereafter, business manager and agent of defendant, The Topeka Capital Company, in the operation and conducting of its business.

"That on the 1st day of February, A. D. 1896, at Shawnee county, Kansas, the said defendant Topeka Capital Company made, executed and delivered to plaintiff its certain promissory note in writing of that date, agreeing by the terms thereof to pay to the order of plaintiff, March 1, 1896, the sum of five hundred dollars, with interest after due at the rate of ten per cent. per annum until paid."

The note reads :

"$500. TOPEKA, KAN., February 1, 1896.

"March 1 after date, for value received, we jointly and severally, as principals, promise to pay to the order of H. T. March five hundred dollars, with interest after due at ten per cent. per annum until paid. Interest payable annually ; defaulting interest to draw the same rate of interest as principal. The makers, sureties, indorsers and guarantors of this note agree to pay reasonable attorney's fees if suit is brought hereon, and severally waive presentment for payment, notice of non-payment, protest, notice of pro-

test and diligence in bringing suit against any party thereto, and consent that time of payment may be extended without notice.

Payable at office of March & Co.

Due—————             THE TOPEKA CAPITAL CO.

No. 289.                           DELL KEIZER, B. MGR."

Indorsed on back : "Demand and protest waived.— DELL KEIZER. Interest paid to Feby. 1, 1897."

The defendant interposed a general demurrer, upon the ground that the petition did not state a cause of action against the defendant. The demurrer was overruled. The defendant answered, in substance, as follows :

"*First.* That said defendant denies each and every allegation in said petition contained.

"*Second.* For a second and further defense herein, said defendant states that said Topeka Capital Company was organized as a corporation under the laws of Kansas on the 6th day of June, 1890, and ceased to do business as such corporation on or about the 1st of November, 1895.

"*Third.* For a third and further defense herein, said defendant states that said Topeka Capital Company was organized as a corporation under the laws of the state of Kansas on June 6, and had at all times a board of six directors, and that the alleged note which purports to be set out in plaintiff's petition herein never was executed by said company, and was never authorized by the board of directors of said company nor by a majority of said directors, nor by a quorum nor by a majority of a quorum of said directors, and this defendant is not indebted to said plaintiff on account thereof in any sum whatever.

"*Fourth.* For a fourth and further defense herein, said defendant states that the alleged note which purports to be set out in the petition herein was made for a loan by private persons, and that no loan was ever made or authorized by said Topeka Capital Company.

"Wherefore, this defendant asks to be dismissed hence with all costs."

The answer was verified by the oath of Harrison, as attorney, as follows:

"I, T. W. Harrison, being duly sworn, say that I am the attorney for the Topeka Capital Company herein; that I have been one of the directors of said Topeka Capital Company ever since it was organized as a corporation under the laws of Kansas, in June, 1890, and am familiar with the records of said company; that I have read the third division of the above and foregoing answer and know the contents thereof, and that the facts stated therein are true, as I believe."

The plaintiff, for his reply, set out: (1) A general denial; (2) for

"further reply, plaintiff alleges that the note set out in plaintiff's petition was executed and delivered to plaintiff February 6, 1896, as alleged in plaintiff's petition, and was so executed and delivered in renewal of a certain note made, executed and delivered by the Topeka Capital Company long prior to November 1, 1895, for a loan of $500, lawful money of the United States of America, which said money was borrowed and received for the purpose and used by the Topeka Capital Company, in conducting its business at Topeka, Kan., and that said money was borrowed, received and used and notes made, executed and delivered therefor, by the Topeka Capital Company; that said sum of money or no part thereof has ever been paid to plaintiff."

A trial was had before the court and a jury. When plaintiff rested, the defendant interposed its demurrer to plaintiff's evidence, and also a motion for judgment thereon, which were overruled. The jury found the issues in favor of the plaintiff and returned a verdict against the defendant for $585.41. The defendant's motion for a new trial was overruled. The

defendant, as plaintiff in error, presents the record to this court for review and alleges error in the proceedings of the trial court.

*Keeler & Hite*, and *T. W. Harrison*, for plaintiff in error.

*W. F. Schoch*, for defendant in error.

The opinion of the court was delivered by

McELROY, J.: There are nineteen formal assignments of error, but we deem it unnecessary to comment upon them all separately. The facts disclosed by the record are as follows: ·The Topeka Capital Company was organized as a Kansas corporation in 1890 for the purpose of printing and publishing a daily and weekly newspaper at Topeka. About November 19, 1895, John R. Mulvane took possession of the newspaper plant under a chattel mortgage; the corporation was not dissolved and the former employees of the company continued to conduct the business of the newspaper. The corporation, from the time of its organization up to the time of the commencement of this action, had a board of six directors; during all the time of its existence as a corporation Dell Keizer was its secretary and business manager, duly elected by the directors. It was provided in the charter and by-laws of the corporation, by article 9,

"that the business manager shall have control of the business details of the corporation, under the direction of the president and board of directors. It shall be his particular business to receive the moneys, make daily deposits in such bank as the board may designate; to pay all bills of one dollar or more by check, signed by himself and president; to keep an accurate set of books showing all money received and disbursed; to have charge of the mechanical work of the paper,

employ all labor outside of the editorial and reporto-
rial force, the purchasing of supplies, making adver-
tising contracts, circulating the daily and weekly, and
attending to all business matters not otherwise pro-
vided for, for the success of the corporation, including
insuring plant, payment of taxes, and making of all
needed repairs to maintain the efficiency of the paper
and protect the property ; to make a sworn monthly
statement showing the amount of business done,
money received and paid out, and net gain or loss.''

In the year 1895, the corporation was compelled to
borrow money for the purpose of conducting its busi-
ness ; this money was borrowed by Dell Keizer, its
business manager, and expended in conducting the
general business of the corporation.    The note sued
upon in this case was executed by Keizer as business
manager in renewal of a note given for a loan of $500,
which money was used in conducting the business of
the corporation.    The note in question, as well as all
other notes executed by Keizer for borrowed money
for the corporation, was executed in the same manner.
The president and some of the directors of the corpo-
ration knew the manner in which Keizer was con-
ducting the business, and no objection was made
thereto by any officer of the corporation.    The note
set out was due and unpaid when the action was
brought.

The plaintiff in error complains that the trial court
erred in overruling its demurrer to the petition, and
cites in support thereof *Capital Co. v. Remington,* 61
Kan. 1, 6, 57 Pac. 504, 59 Pac. 1062.    The case at bar
differs from the Remington case in this, that the pe-
tition affirmatively alleges the agency of Keizer.    The
allegations of the petition in the case at bar are as
follows :'

"That on the 1st day of September, 1896, at To-
peka, Shawnee county, Kansas, the said defendant,

the Topeka Capital Company, made, executed and delivered to plaintiff its certain promissory note in writing of that date."

An allegation that the corporation made, executed and delivered its promissory note is sufficient. (5 Encycl. Pl. & Pr. 92.) The petition states a cause of action and the demurrer was properly overruled.

The principal contention seems to be that the court admitted incompetent testimony. Keizer was permitted, over the objection of defendant, to testify, in effect, that he was in the habit of issuing notes in the name of the company; that this was known to the president and some of the directors. This testimony was offered for the purpose of showing the methods of doing business by the company and Keizer. We take it that the testimony was offered not so much as showing Keizer's authority as for the purpose of showing a ratification by the officers of the company of Keizer's acts. After a corporation has accepted the benefits of a contract, made in good faith, with its regular agent and manager, it is no more than fair that every reasonable presumption should be indulged to hold the transaction binding upon the company. Under such circumstances, it takes very slight evidence to bind a corporation for the payment of obligations incurred by the managers of its business. (*Getty v. Milling Co.*, 40 Kan. 281, 19 Pac. 617.)

It is also contended that the court erred in permitting the plaintiff to show that the Capital company was obliged to borrow money and what evidence of indebtedness it gave. It is insisted that there was no issue before the jury except the question of the authority of Keizer to execute the note. It seems to us that the issue in this case involved further inquiry. It may be that Keizer had no legal authority

to borrow the money or to execute the note in the first instance; however, he did borrow the money, the corporation used it and accepted the fruits of the contract, and now seeks to avoid repayment of the money.

A corporation has power to borrow money on the credit of the corporation not exceeding its authorized capital stock, and may execute bonds or promissory notes therofor. (Gen. Stat. 1897, ch. 66, § 18; Gen. Stat. 1899, § 1232.) In the constitution and by-laws of the Topeka Capital Company no authority is granted to any officer of the company to borrow money, unless it is the business manager, and contained in these words: "And attending to all business matters not otherwise provided for, for the success of the corporation."

Complaint is further made that the court permitted the plaintiff to offer in evidence a copy of the constitution and by-laws of the defendant corporation without proof of the loss or destruction of the original. This testimony was not objected to upon this ground in the trial court; the objection simply went to the competency of the testimony; there was no objection made that it was not the best evidence. The testimony was properly admitted.

A corporation cannot retain property, under a transaction *ultra vires*, and at the same time repudiate its obligations under the same transaction. It ought not to be allowed to retain borrowed money and plead *ultra vires* to the suit for a recovery thereof.

The trial court committed no error prejudicial to the plaintiff in error in the admission of evidence. The motion for a new trial was properly overruled. The judgment is affirmed.