THE REMINGTON PAPER COMPANY v. J. K. HUDSON.
**No. 11,940.**   (67 Pac. 636.)

SYLLABUS BY THE COURT.

CORPORATIONS — *Liability of Stockholder — Election of Reme-*
*dies.*  A· creditor who obtains a judgment against a corporation
and, because an execution thereon is returned unsatisfied, brings
a proceeding against a stockholder of the corporation to establish
a stockholder's liability on the judgment, will not afterward be
permitted to amend his petition and change his proceeding by al-
leging the dissolution of the corporation and basing his right of
recovery against the stockholder on the promissory notes which
had been merged in the judgment originally set up and made the
basis of the claim against the stockholder.

Error from Shawnee district court; Z. T: HAZEN,
judge.   Opinion filed January 11, 1902.   Affirmed.

*Quinton & Quinton,* for plaintiff in error.

*Welch & Welch,* and *T. W. Harrison,* for defendant in
error.

The opinion of the court was delivered by

JOHNSTON, J. :  On December 20, 1897, the Reming-
ton Paper Company recovered a judgment against the
Topeka Capital Company for $8630, which was later
taken to the supreme court for review.   While it was
pending in this court, and on June 2, 1898, this pro-
ceeding was brought by the paper company to enforce
a stockholder's liability against J. K. Hudson.   The·
petition alleged the rendition of the judgment against
the Capital company ; the issuance of an execution
thereon which had been returned unsatisfied for the
reason that no property could be found whereon to
levy the same ; that Hudson was the owner and holder
of a large amount of stock in the Capital company,
and for his stockholder's liability on the judgment

against that company the plaintiff demanded judgment against him.

On August 1, 1899, the paper company obtained leave to amend its petition, and in the amended petition, after the first count, which set up the judgment against the Capital company and liability of Hudson by reason of the judgment, the paper company in several causes of action specifically set up a number of promissory notes given by the Capital company to the paper company—the same notes upon which the judgment heretofore mentioned was rendered. It alleged that the notes were due and unpaid, and, by reason of the fact that the Capital company had suspended business for more than a year, and that J. K. Hudson was a stockholder in that company, judgment was claimed against him upon the promissory notes. There was a further allegation in the amended petition that the judgment rendered against the Capital company had been taken to the supreme court; that no supersedeas bond had been filed; that this proceeding against Hudson had been continued from term to term; and that the statute of limitations was about run against Hudson upon the notes because the Capital company had ceased to do business more than a year before that time.

A motion was made by the defendant to strike from the amended petition all the averments except those in the first count thereof, for the reason that the averments challenged changed the claim and cause of action therein from that set up in the original petition, and because the paper company could not maintain an action on the promissory notes against Hudson. The court sustained the motion and struck out every count of the petition except the first one. Of this ruling complaint is made.

No error was committed in striking out the causes

of action based upon the promissory notes, nor in rendering judgment in favor of the defendant for costs. When the original petition was filed the plaintiff elected its remedy and made the judgment against the Capital company the basis of its right of recovery. According to the averments of the first count of the petition the notes had become merged in a judgment against the Capital company, and because that judgment could not be enforced by execution against the property of the company, a recovery of the indebtedness represented by the judgment was sought against a stockholder, Hudson. In the second and following counts the plaintiff ignored the judgment and asked a recovery against Hudson upon the original indebtedness—the promissory notes which were extinguished when the judgment was rendered.

As the law stood when these proceedings were had, a creditor had two remedies against a stockholder. In one he could obtain an execution against the stockholder in a summary way where there was a subsisting judgment and unsatisfied execution against the corporation. (Gen. Stat. 1901, § 1310.) In the other, where the corporation was dissolved, or had ceased to do business for more than one year and was deemed to be dissolved, an action could be brought by a creditor directly against a stockholder without waiting to obtain judgment against the corporation. (Gen. Stat. 1889, ¶ 1204.) In the first the judgment is rendered against the corporation in an action in which the stockholder is not a party, and this judgment is conclusive in a proceeding against a stockholder, unless it is obtained by fraud or rendered by a court without jurisdiction. The second was maintainable when a liability against the corporation had not been judicially determined, and where all the defenses which would have been open to the corporation might be

made by the stockholder. Some of the differences and inconsistencies in the remedies were pointed out in *Cottrell v. Manlove*, 58 Kan. 405, 49 Pac. 519, where it was said :

"The remedies afforded by these two sections cannot be called cumulative, and considered equally open to creditors. One relates to the exigency of corporate insolvency ; the other, to that of corporate dissolution. Under one, the proceeding lies because the corporation is bankrupt, though not necessarily dissolved ; under the other, because it is dissolved, though not necessarily bankrupt. The remedy of the section last quoted is open to the creditors immediately upon the dissolution of the corporation. Under its provisions, there is no occasion to await the recovery of a judgment against the company, but action may at once be brought against its stockholders."

It is plain to be seen that the pleader stated different grounds of recovery, and the two remedies which he sought were based on entirely different rights. They were dissimilar and inconsistent, and being based on repugnant theories, the election of one of them is necessarily a bar to the subsequent adoption of the other. (*Railway Co. v. Henrie*, 63 Kan. 330, 65 Pac. 665.)

Apart from the consideration that the election of one of two remedies predicated upon conflicting theories operated as a bar, there was the further matter that the notes set up in the stricken counts had lost their vitality and force because they had become merged in the judgment. When they passed into judgment they ceased to exist for any purpose, and cannot be used again as a basis of recovery. (*Price v. Bank*, 62 Kan. 735, 64 Pac. 637.)

The judgment of the district court will be affirmed.

DOSTER, C. J., SMITH, GREENE, JJ., concurring.