R. L. THOMAS v. THE REMINGTON PAPER COMPANY.

No. 13,298.  (73 Pac. 909.)

SYLLABUS BY THE COURT.

1. CORPORATIONS—*Liability of Stockholders—Election of Remedies.*  Where a creditor placed in judgment a claim against a corporation, and upon an execution's being issued thereon and returned unsatisfied instituted an action against a stockholder to charge him with the amount of the judgment, under paragraph 1192, General Statutes of 1889, the reversal of such judgment destroyed the effect of such act as an election of remedies, and left the plaintiff free to pursue the stockholder under paragraph 1204, General Statutes of 1889, which authorized a suit against a stockholder upon a corporate debt whenever the corporation had suspended business for more than one year.

2. ——— *Effect of Placing Notes in Judgment.*  Where a creditor of a corporation sued a stockholder under paragraph 1204, General Statutes of 1889, and while such action was pending the original claim (based on a number of notes) was placed in judgment against the corporation, which fact was pleaded by the defendant stockholder in a supplemental answer, the merger of the notes in the judgment did not prevent a recovery in such action.

3. ——— *Foreign—Act of 1901 Construed.*  In order to invoke the application against a foreign corporation of the provision of section 1283, General Statutes of 1901, forbidding the bringing of an action by a corporation without first filing certain statements, it must be shown that the corporation in question is one doing business in this state.

Error from Shawnee district court; Z. T. HAZEN, judge.  Opinion filed October 10, 1903.  Affirmed.

*Welch & Welch,* and  *T. W. Harrison,* for plaintiff in error.

*Quinton & Quinton,* for defendant in error.

The opinion of the court was delivered by

MASON, J. : On December 20, 1897, the Remington Paper Company recovered a judgment in the district court of Shawnee county against the Topeka Capital

Company, a Kansas corporation, upon nine promissory notes. The defendant appealed but gave no stay bond. An execution was issued and returned *nulla bona*. In August, 1898, the plaintiff began an action against R. L. Thomas, as a stockholder in the defendant corporation, under the provisions of paragraph 1192, General Statutes of 1889 (now repealed), providing that, when execution is issued upon a judgment against a corporation and no property can be found upon which to levy, an execution may be allowed against a stockholder upon due notice and hearing, or an action may be brought to charge the stockholder with the amount of the judgment. On June 10, 1899, and while such action was pending and undetermined, the judgment was reversed. (*Capital Co. v. Remington*, 61 Kan. 1, 57 Pac. 504.) On October 27, 1899, the Remington company began the present proceeding against Thomas, under paragraphs 1200 and 1204, General Statutes of 1889 (also now repealed), upon the same nine notes, alleging that the Capital corporation had suspended business for more than one year, and that Thomas was a stockholder, and as such liable for the payment of plaintiff's claim. Paragraph 1204 provided that upon the dissolution of a corporation suit might be brought against a stockholder on a corporate debt, and paragraph 1200 provided that for the purpose of enabling creditors to bring such suits the corporation should be deemed to be dissolved whenever it had suspended business for more than one year. On May 3, 1900, judgment was rendered by the district court for the plaintiff in the action of the Remington company against the Capital company. This fact was brought upon the record in this case by being pleaded in a supplemental answer. Upon a trial a verdict was returned for plaintiff, upon

Thomas v. Remington.

which judgment was rendered, which the defendant now seeks to reverse.

The principal contentions of plaintiff in error, presented under various specifications, are (1) that by instituting the proceeding to enforce the judgment of December 20, 1897, under the provisions of said paragraph 1192, plaintiff elected to pursue such method to the exclusion of that by action upon the original claim, based upon the fact that the corporation had ceased business for a year; and (2) that no recovery could be had in the present proceeding because it was based upon the notes, and these were merged in the judgment of May 3, 1900, and therefore would no longer support an action.

To maintain these positions reliance is chiefly placed upon the case of *Remington v. Hudson*, 64 Kan. 43, 67 Pac. 636. There the plaintiff, after obtaining judgment against the corporation, causing an execution to be issued and returned *nulla bona*, and, instituting a suit to charge a stockholder with the amount of the judgment, sought to amend its pleading so as to convert the proceeding into an action upon the notes against the stockholder, under the statute authorizing such a suit in case of the dissolution of the corporation by the suspension of business for a year. It was held that this change could not be made. In the opinion it was said:

"It is plain to be seen that the pleader stated different grounds of recovery, and the two remedies which he sought were based on entirely different rights. They were dissimilar and inconsistent, and being based on repugnant theories, the election of one of them is necessarily a bar to the subsequent adoption of the other. (*Railway Co. v. Henrie*, 63 Kan. 330, 65 Pac. 665.)

"Apart from the consideration that the election of

one of two remedies predicated upon conflicting theories operated as a bar, there was the further matter that the notes set up in the stricken counts had lost their vitality and force because they had become merged in the judgment. When they passed into judgment they ceased to exist for any purpose, and cannot be used again as a basis of recovery." (Page 46.)

The present case, however, presents a very different situation. The proceeding under paragraph 1192 was begun at a time when plaintiff had a judgment against the corporation. In selecting this method the plaintiff assumed, as for such purpose it had a right to do, that the judgment was valid and would be upheld. More than that, its proceeding depended absolutely upon the judgment, as much so as if it had been brought in the form of an application for an order for an execution upon the judgment. Without the judgment it could have no existence. It was practically, for the purposes here involved, a supplemental proceeding for which the judgment and the unsatisfied execution were prerequisite. When the judgment was reversed the whole proceeding fell to the ground. The situation became as though there had never been a judgment. Nor could any subsequent rendition of judgment revive the first judgment or reinstate any part of the proceedings based upon it. If plaintiff desired to pursue the same method further, it was incumbent upon it to begin anew after the rendition of a second judgment and the issuance and return of a second execution. The reversal of the judgment placed the parties just where they were before it was rendered and afforded the plaintiff the same opportunity to make an election of remedies that it had then had. It was again free to pursue either method. The case falls within the reason, if not the letter, of the familiar rule stated in 7 Encyclopedia of Pleading

and Practice, 366, that "if the suitor has, in his first action, mistaken his remedy and adopted a mode of redress incompatible with the facts of his case, and is defeated on that ground, he is still free to elect and proceed anew."

Now, does the fact that the notes were merged in a judgment after the action was commenced defeat a recovery. In the case of *Remington v. Hudson*, supra, the plaintiff was denied the right virtually to begin a new action based upon notes already placed in judgment and thereby extinguished. In the present case the action was begun while the notes were still in force. While it was based upon them in the sense that allegations of their existence formed an essential part of the petition, the action was not one upon the notes in the ordinary meaning of the expression. It was upon a liability created by statute (although contractual in its nature), as is illustrated by the fact that the three-year statute of limitations applies to it. The notes alone could not make a cause of action against defendant. It was necessary to plead as well the facts that he was a stockholder whose statutory obligations to the creditors of the corporation had not been fully performed, and that the corporation was for the purposes of the suit dissolved by a cessation of business for more than one year. It is true that the petition declared upon as many separate causes of action as there were notes, and that after the judgment was rendered on the notes there could not have been more than one cause of action, but this consideration could not in any way have prejudicially affected the substantial rights of defendant. Whether it was necessary for the plaintiff in the first instance to plead in separate counts, and whether it would have been better practice for it to have filed a supplemental petition setting

out the subsequent rendition of the judgment, and conforming its pleading to the fact, are likewise immaterial. The fact having been pleaded by defendant, nothing additional could have been accomplished by plaintiff's also pleading it. Since the real cause of action of plaintiff was upon defendant's obligation to pay the debt of the corporation, whether in the form of a note or judgment, there was no such change in the form of action as to require a recasting of the petition as an essential to a recovery.

The trial court held that the fact that the notes were shown by the pleadings to have been placed in judgment against the corporation cut off any attack by the stockholder upon the validity of the debt. Defendant complains of this ruling and contends that such effect is only to be given the judgment in a suit brought explicitly upon it, and not in such a case as is here presented. No reason is perceived why the adjudication is not as binding in the one case as in the other. The argument presented in *Ball v. Reese,* 58 Kan. 614, 50 Pac. 875, 62 Am. St. Rep. 638, seems to apply to each with equal force.

A final contention of plaintiff in error is that the pleadings show that the Remington company, not having filed any statement with the secretary of state, as required by section 1283, General Statutes of 1901, was precluded by the last sentence of that section from maintaining any action in the courts of this state. This sentence reads:

"No action shall be maintained or recovery had in any of the courts of this state by any corporation doing business in this state without first obtaining the certificate of the secretary of state that statements provided for in this section have been properly made."

The statement referred to is required to be filed by

an officer "of each corporation for profit doing business in this state." The petition showed that the plaintiff was a New York corporation. The allegation of the answer relied on by defendant in this connection was that "the Remington Paper Company has not filed any statement with the secretary of the state of Kansas as required by law." It nowhere appeared that the plaintiff was a corporation doing business in this state, and consequently the question sought to be presented is not raised by the record.

The judgment is affirmed.

All the Justices concurring.