## J. K. HUDSON v. THE REMINGTON PAPER COMPANY.
### No. 13,947. (80 Pac. 568.)
#### SYLLABUS BY THE COURT.

RES JUDICATA—*Judgment on One of Several Findings of Fact.* Where the entry of judgment in an action involving several issues of fact recites a finding upon one of such issues that compels a judgment for the defendant, and is silent as to the rest, there is no presumption that they have been passed on, and in the absence of some further showing they will be held open to inquiry in future litigation between the same parties, based upon a different cause of action.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed April 8, 1905. Affirmed.

*R. B. Welch, Charles D. Welch,* and *W. R. Hazen,* for plaintiff in error.

*Quinton & Quinton,* for defendant in error; *E. S. Quinton,* of counsel.

The opinion of the court was delivered by

MASON, J.: The Remington Paper Company held several notes executed to it by the Topeka Capital Company, a Kansas corporation. In April, 1897, it brought an action upon them and recovered a judgment. The defendant instituted proceedings in error in this court, but gave no bond to stay execution. Dur-

ing the pendency of the proceedings in error the plaintiff caused an execution to be issued, and upon its being returned unsatisfied began an action under the provisions of section 1192 of the General Statutes of 1889 (now repealed) against J. K. Hudson to charge him, as a stockholder in the Capital company, with the amount of the judgment. In August, 1899, the plaintiff obtained leave to amend its petition, and did so by setting out a number of separate counts, each based upon one of the notes on which its judgment had been rendered and containing allegations intended to permit a recovery under sections 1200 and 1204 of the General Statutes of 1889 (the latter of which is also now repealed), which authorized actions to be brought directly against stockholders upon debts owing by corporations that had ceased business for more than one year. Upon motion of the defendant, however, the court struck from the amended petition all such additional matter, requiring the plaintiff to stand upon its judgment and its remedy under the statute first cited.

In February, 1900, by a decision of this court, the judgment against the Capital company was reversed. (*Capital Co. v. Remington,* 61 Kan. 6, 59 Pac. 1062.) Such reversal was pleaded by Hudson in a supplemental answer filed in the action against him. That case being called for trial, it was admitted in open court that the allegations of the supplemental answer were true, findings were made that the judgment upon which the action was based had been reversed, and that plaintiff was not entitled to recover, and thereupon judgment was rendered for the defendant for costs. The plaintiff prosecuted error from this judgment, complaining of the ruling of the district court in refusing to allow it to change its action from one under section 1192, *supra,* to which a judgment and execution against the corporation were prerequisite, to one under sections 1200 and 1204, *supra,* based upon

the notes as such, and the fact that the corporation had ceased active business. It was held, however (*Remington v. Hudson,* 64 Kan. 43, 67 Pac. 636), that the notes, being merged in the judgment, were no longer available for any purpose in their original character, and that having elected to proceed under section 1192 the plaintiff could not change its position and convert its proceeding into one under sections 1200 and 1204.

The plaintiff then began a new action under sections 1200 and 1204, declaring upon the notes, the cessation of business by the Capital company, and the defendant's ownership of stock therein. The defendant pleaded substantially the facts already recited. Prior to the trial the plaintiff, having in the meantime procured a new judgment on the notes against the corporation, set out that fact in a supplemental petition. Upon final hearing the plaintiff was given judgment, which it is the purpose of the present proceeding to review. Under various specifications of error two principal contentions are made: (1) That the plaintiff is precluded from resorting to the remedy under sections 1200 and 1204, now invoked, by having in the earlier proceedings elected to pursue the inconsistent remedy afforded by section 1192; (2) that the judgment rendered in the former action was a final adjudication of the matter sought to be litigated here.

So far as relates to the matter of estoppel by the prior election of an inconsistent remedy there is nothing to distinguish the present case from *Thomas v. Remington,* 67 Kan. 599, 73 Pac. 909. Following the decision there made we hold that, although so long as the judgment stood that was rendered in favor of the Remington company against the Capital company the notes upon which it was based were by the principle of merger rendered unvailing as any part of a cause of action, and the attempt to enforce it through the provisions of section 1192 precluded recourse to sec-

tions 1200 and 1204, yet when the judgment was va-
cated the effect of the merger and of the election
ceased, the notes were restored to vitality, and the
plaintiff was reinvested with the privilege of choosing
between the different methods of enforcing its claim.
In this connection it is argued by plaintiff in error that
to permit the plaintiff in an action brought upon the
notes under sections 1200 and 1204 to plead in a sup-
plemental petition that the notes have been placed in
judgment against the corporation, and thereby to
evade the necessity of proving their execution against
the stockholder, is to give it the benefit in that pro-
ceeding of the provisions of section 1192. This is not
the case. The procuring of a judgment against the
corporation, and the suing out and return of an execu-
tion upon it, are prerequisites to a proceeding under
that section; but they are not necessarily steps taken
under it, and they evince no purpose to pursue it. Its
peculiar remedy is invoked only when the judgment
plaintiff either asks an order for an execution against
a stockholder or brings suit against him on the return
of an execution against the corporation unsatisfied.

From the facts already stated it appears that, prior
to bringing this action, the same plaintiff had brought
against the same defendant an action to enforce the
payment of the same debt against the same corpora-
tion by reason of the defendant's holding the same
stock; that the question whether defendant was liable
as a stockholder was put in issue in that case; that a
final judgment was rendered against the plaintiff that
it take nothing by its action, and in favor of the de-
fendant for his costs. In support of the plea of for-
mer adjudication it is argued that this judgment was
a final determination of the matter here involved and
estops the plaintiff to assert any further claim against
the defendant with respect to it. The argument is not
tenable. Notwithstanding the resemblance the present
proceeding bears to the former one, it is not based

upon the same cause of action—it could not be supported by the same evidence. Therefore, the plaintiff is here concluded only as to such matters as were there actually decided, either expressly or by necessary implication. (*Stroup v. Pepper,* 69 Kan. 241, 76 Pac. 825, 24 A. &. E. Encycl. of L. 784.) The first action involved three principal questions, each of which required an affirmative answer in order that plaintiff might recover: (1) Did the plaintiff have a valid judgment against the Capital corporation? (2) Had an execution upon the judgment been issued and returned unsatisfied? (3) Was the defendant a stockholder who had not discharged the full amount of his liability as such? A judgment for the defendant did not necessarily settle any specific one of these questions. It merely established that some one of the three must be answered in the negative. The substantial issues of the present case were: (1) Did the Capital corporation owe a valid debt to plaintiff? (2) Had it ceased business for more than one year? (3) Was the defendant a stockholder who had not discharged the full amount of his liability as such? The only question of fact common to both cases was the one designated in each instance as the third. In order for the defendant successfully to interpose the plea of *res judicata* it was incumbent upon him to prove that this question had been determined in the former case. (24 A. & E. Encycl. of L. 834.)

"Even where the matter was in issue, if the issue was not determined, by reason of the decision turning upon some other point, or otherwise, there is no estoppel." (24 A. & E. Encycl. of L. 776.)

The entry of judgment in the first action recites a specific finding that the judgment upon which it was based had ceased to exist, and is silent as to any other controverted matter. This finding alone compelled the judgment which was rendered—a judgment for the defendant for costs. It is a fair implication, although

it is not expressly stated, that no other question of fact was passed upon, and in the absence of some reason to believe the contrary (and the record is barren of any suggestion of such a reason) it must be held to be established that such was the case. There was, therefore, a failure to show that the judgment in the first action was a bar to the present one.

The judgment is affirmed.

All the Justices concurring.