[Civ. No. 1811.  First Appellate District.—September 18, 1917.]

## FIRESTONE TIRE AND RUBBER COMPANY (a Corporation), Respondent, v. C. E. HERRICK, INC. (a Corporation), Appellant.

CORPORATION LAW—RECOVERY ON ACCEPTED MONEY ORDERS—PLEADING —AUTHORITY OF AGENT—SUFFICIENCY OF COMPLAINT.—In an action against a corporation on accepted orders for the payment of money, an allegation that the defendant in writing accepted and promised to pay the orders sufficiently alleges that the acceptance was by a duly authorized person.

ID.—EXECUTION OF ORDERS—SUFFICIENCY OF FINDING.—A finding that the defendant in writing accepted and promised to pay the orders is sufficient, without a finding that the orders were executed by a duly authorized agent of the corporation.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  Daniel C. Deasy, Judge.

The facts are stated in the opinion of the court.

Jas. P. Sweeney, for Appellant.

Henry A. Jacobs, for Respondent.

THE COURT.—This is an appeal by defendant from a judgment in favor of plaintiff for the sum of $376.92, the amount of two orders for the payment of money accepted by defendant, together with interest and costs.

But two points are urged in support of the appeal, neither of which can be seriously entertained.

The first is the alleged error of the trial court in overruling defendant's demurrer to the complaint.  It is claimed that the complaint failed to state a cause of action for the reason that it contained no allegation "that the defendant corporation by its duly authorized officer or agent indorsed the acceptance on the instrument sued upon as agent or officer for the corporation."  But it is alleged directly in the complaint as to each of the two orders in question that "defendant in writing accepted said order and promised to pay the same." The ultimate fact to be alleged and proven was the acceptance of the orders by the corporation; and while the proof of such an allegation would consist in showing that the person exe-

cuting the acceptance was thereunto duly authorized, no averment of such authorization was necessary in the complaint. As was said in the case of *Topeka Capital Co.* v. *Remington Paper Co.,* 61 Kan. 6, [59 Pac. 1062] : ''The acts of a corporation are necessarily done through its agents. But a cause of action against a corporation, founded on the acts of its agents, should be alleged directly against the corporation itself. The acts constituting the cause of action should be alleged as the acts of the corporation. It is not necessary to aver that they were done by and through the authorized agents of the corporation.''

The trial court did not err in overruling the defendant's demurrer.

The second and closely related point urged by the appellant is that the findings do not support the judgment because there is no finding to the effect ''that the orders were properly indorsed and executed by a duly authorized officer or agent of the corporation acting for the corporation.'' The court, however, does find as to each of the orders in question ''that said defendant in writing accepted said order and promised to pay the same.'' This was the ultimate fact to be alleged and found, and it was not necessary for the court to find the probative fact of the due authorization of the person acting for the corporation since there was no such issue in the case. Moreover, in its cross-complaint the defendant admitted the acceptance of these orders. The second contention of the appellant must therefore be rejected.

Judgment affirmed.