No. 29,824.

PETE PROBST, *Appellee*, v. W. A. WEIGAND AND E. J. WEIGAND, a Copartnership, doing business as THE WEIGAND TEA & COFFEE COMPANY, and THE WEIGAND TEA AND COFFEE COMPANY, a Corporation, *Appellants.*

(299 Pac. 611.)

Opinion filed June 6, 1931.

*W. D. Jochems, George W. Cox, Lawrence Weigand* and *C. Cale Blakely,* all of Wichita, for the appellants.

*C. H. Brooks, Willard Brooks, Howard T. Fleeson* and *H. T. Horrell,* all of Wichita, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by Pete Probst to recover a balance alleged to be due to him from the Weigand Tea & Coffee Company for services rendered as a coffee roaster. Plaintiff recovered judgment for $1,278.75, and defendant appeals.

The principal point of contention in the appeal is the application of the doctrine of *res judicata.* It appears that plaintiff was employed by the copartnership of the Weigand Tea & Coffee Company, composed of W. A. Weigand and E. J. Weigand, as a coffee roaster, and the roaster was to be furnished by him. He alleged that he served them in that capacity from 1922 until July 31, 1927. There is a dispute as to the terms of the employment and the amount of compensation to be paid. When their relations were severed plaintiff brought this action against the partnership for the amount alleged to be due to him up to and including July 31, 1927, to wit: $1,139.50 with interest from August 1, 1927. Contemporaneously with the filing of the partnership suit the plaintiff filed another case against the corporation to recover for the few days he served in August, 1927, and including in it a second count for the setting up of a roaster during that period. The corporation was organized in July, 1927, without notice to plaintiff, and the corporation took over the assets and assumed the liabilities of the partnership. The case against the corporation in the city court was

tried there and was later appealed to the district court. Then there were two cases pending in the district court between the parties, one against the partnership and the other against the corporation. The corporation case, which came up by appeal, was first brought on for trial in the district court. An effort was then made to have the two cases consolidated and tried together, but that was resisted by the defendant, and the trial court also suggested a consolidation. The court remarked:

"I want the record to show in this case that the defendant in this case has at all times refused to consolidate the case No. 69,425, which is an action involving the time up until the time covered in this action. The court has at all times insisted upon the consolidation of these cases and that the evidence in this case covers the entire period of the transaction between the Weigand partners and the Weigand corporation, and the plaintiff, in this action. Is that correct, Mr. Weigand?"

Mr. Weigand replied, "Yes," and that the district court case—

"Involves also additional parties, and not the same parties exclusively that are now in this action, and we want the record to show that the defendant in this case has been ready and willing to have both cases referred to a court for accounting, and that when this was refused the defendant refused to consolidate them."

Separate trials were then allowed and the corporation case was first tried. The plaintiff offered testimony as to services rendered in August, 1927, and for the setting up of the coffee roaster. On the part of defendant it offered evidence that plaintiff had been overpaid for his services rendered previous to August, 1927, and presented a number of checks given in payment, one of which was for $500 dated in August, 1927, and cashed in the following month, and also produced testimony about the agreements as to the amount of compensation plaintiff was to receive. In rebuttal plaintiff offered testimony touching the matter of overpayment and in doing so produced evidence of the compensation agreed to be paid by the partnership. On that trial the jury awarded the plaintiff $10 on the first count for services rendered in August, 1927, and $15 on the second count for setting up the roaster.

When the case against the partnership came up for trial defendant contended that the trial and judgment in the corporation case estopped the plaintiff from retrying the partnership case and asked that the doctrine of *res judicata* be applied, contending that the facts put in issue or litigated in the former action cannot be reliti-

gated by the same party in the same or another action in any court. It is true that in the first action against the corporation, when the matter of overpayment was raised, much testimony was offered that was produced and was necessary to a recovery against the partnership, but the pleadings raised distinctly different issues and each asked a recovery, one against the partnership and the other against the corporation. Defendant urges that there must be an end to litigation and that a party should not be allowed to retry issues already litigated nor be permitted to vex the opposite party by repeated trials. The defendant was urged by plaintiff and also by the court to consolidate the cases and prevent the vexation of the second trial, but it insisted on separate trials and is not in a good position to complain of the vexation. The court tried the case on the theory that the corporation case involved only the balance due to plaintiff for his services to the corporation in the month of August, 1927, and for his claim for setting up the roaster about that time. It was so submitted to the jury and the merits of the partnership case were not in fact determined. In the corporation case the court refused to submit special questions relating to the dealings with the partnership and:

". . . for the reason that there are only two questions involved in this case, and that is on a contract alleged to have been made about the first of August, 1927, and upon an action *quantum meruit.*"

There was no splitting of a cause of action as one was for services rendered the corporation and the other for services rendered the partnership. The two cases involved distinctly different causes of action, each with a different party. There was a lack of identity of parties and the partnership was not a party in the corporation case, and an execution upon a judgment in that case could not have been enforced against the copartnership. It turned out that the corporation had assumed the liability of the partnership, and when that fact was brought out plaintiff by leave of the court made the corporation an additional party defendant in this case, based on its assumption of liability. Defendant contends and cites authorities to the effect that a former judgment is conclusive not only on the questions actually tried and determined, but also upon all within the scope of the issues which might have been litigated and determined. Where, however, the actions are on different causes of action, the first judgment is not conclusive on matters which might

have been litigated in the former action, but parties are only bound by what was in fact litigated and determined. (*Stroup v. Pepper,* 69 Kan. 241, 76 Pac. 825; *Hudson v. Remington,* 71 Kan. 300, 80 Pac. 568; *Brush v. Rich,* 83 Kan. 531, 112 Pac. 158; 34 C. J. 909, 911.) Here the issues were different and the issue as to the partnership liability was not in fact actually litigated and determined in the corporation case, and it must be held that the court correctly held that the doctrine of *res judicata* did not apply or control.

The claim of the defendant that there was inconsistency between the findings of the jury approved by the court and its general verdict, is not sustained.

The instructions of the court, of which some complaint is made, are in harmony with the views expressed in the opinion and are without material error.

We find nothing material in the objections to the rulings on the admission of evidence.

The judgment is affirmed.