No. 34,240

Joe Eckl, *Appellant*, v. T. F. Brennan, *Appellee*.

(95 P. 2d 535)

Opinion filed November 10, 1939.

*A. C. Wilson*, of Oskaloosa, for the appellant.

*Ralph T. O'Neil, John D. M. Hamilton, Barton E. Griffith, Peter F. Caldwell*, all of Topeka; *Andrew F. Schoeppel* and *Tom Smyth*, both of Ness City, for the appellee.

The opinion of the court was delivered by

Dawson, C. J.: This was an action for damages for malicious prosecution.

On July 2, 1936, the defendant, Dr. T. F. Brennan, county health officer of Ness county, instituted lunacy proceedings against the plaintiff, Joe Eckl, by filing therein his affidavit alleging that Eckl was of unsound mind and unsafe to be at large, and that the welfare of himself and others required his restraint and confinement in some hospital. The court issued process, which was served on plaintiff. It gave notice that an examination on the charge of lunacy would be

heard on July 8. Neither on that date nor later did such examination occur; and on October 2 the lunacy proceedings were dismissed.

In his petition plaintiff alleged that defendant had made the lunacy affidavit willfully, falsely, maliciously, and without probable cause; that to defend himself plaintiff employed an attorney at an expense of $50; that the filing and publication of the false and malicious affidavit had subjected plaintiff to embarrassment and injured his social standing, and had impaired his health and caused him mental worry, anguish and pain—to his loss and damage in the sum of $10,050, for which he prayed judgment.

Defendant answered with a general denial and alleged that at the time of filing the affidavit in lunacy he was county health officer of Ness county, and that prior to filing it against plaintiff he made a full, correct and honest disclosure to the county attorney of all facts bearing on the mental condition of plaintiff, and that it was on the advice of the county attorney that he filed the affidavit; and that in so doing defendant acted in good faith and on the advice of the county attorney of Ness county.

By agreement of counsel for the litigants in open court the issues were narrowed to the single one of malicious prosecution.

The cause was called for trial before a jury on October 5, 1938. Plaintiff gave evidence in his own behalf, but adduced nothing important which bore on the question at issue; likewise a chiropractor and four lay witnesses, over defendant's objection, were permitted to testify that in their opinion, based on some acquaintance with plaintiff, he was of sound mind on July 2, 1936, and not dangerous to himself or others.

Plaintiff also sought to introduce in evidence the record and judgment (or portions thereof) in the case of *Eckl v. Sinclair Refining Co.*, 133 Kan. 285, 299 Pac. 588, but the trial court rejected it.

Defendant's demurrer to plaintiff's evidence was overruled; and defendant then gave testimony in his own behalf, likewise the county attorney, the superintendent of the University Hospital (Bell Memorial), in which plaintiff had been treated for eye trouble which eventually caused him to become blind, the librarian of the hospital, also the records of the hospital pertaining to plaintiff as an inmate of that institution, also the sheriff of Ness county, the ex-wife of the plaintiff, and one lay witness who resided near plaintiff's residence in Ness City.

We will not take space to summarize the evidence in defendant's

behalf, for the reason that after its conclusion and on the further introduction of some rebuttal evidence in plaintiff's behalf, the trial court directed the jury to return a verdict for defendant. This was done, and judgment was entered accordingly. Plaintiff's motion for a new trial was overruled and he appeals, complaining of the admission in evidence of records showing his history as a patient in the University Hospital, and in refusing to admit in evidence the record in *Eckl v. Sinclair Refining Co.*, supra, and in directing the jury to return a verdict for defendant.

In determining the propriety of directing a verdict in favor of defendant, we can have no concern with the evidence offered by defendant. That evidence must be put out of consideration entirely—unless, indeed, it might contain some probative facts which would aid in establishing the case for the plaintiff. That, however, is not suggested nor tenable in the present case.

Plaintiff argues that since five witnesses testified that in their opinion he was sane and not dangerous on the date defendant's affidavit in lunacy was filed against him that his sanity was thereby established, and therefore defendant's malice was clearly to be inferred. Without debating whether the opinions of a chiropractor and four lay witnesses would or could establish plaintiff's sanity, such testimony constituted no evidence whatever on the vital question of present concern—whether defendant "willfully, falsely and maliciously" made the affidavit which was the gravamen of plaintiff's petition. In *A. T. & S. F. Rld. Co. v. Watson*, 37 Kan. 773, it was said:

"The . . . burden of proving the want of probable cause . . . . was upon the plaintiff who alleged it." (p. 782.)

The fact that the lunacy charge against plaintiff was never brought to trial was no evidence of malice on the part of defendant. In the early case of *Malone v. Murphy*, 2 Kan. 250, the action was for malicious prosecution. The trial court instructed the jury that if there was an absence of probable cause, "the prosecution was malicious, the law implying malice from want of probable cause." But this court held that instruction to be erroneous. In *Walker v. Smay*, 108 Kan. 496, 196 Pac. 231, it was held:

"To recover damages for the malicious prosecution of a civil suit plaintiff must allege and prove not only that the defendant was actuated by malice in commencing the prosecution but also that it was instituted without probable cause." (Syl. ¶ 1.)

In the same case the trial court disposed of the litigation by sustaining a demurrer to plaintiff's evidence. On that point this court said:

"The existence of malice is ordinarily a question of fact for the jury, but where there is no dispute in the testimony, the presence or absence of probable cause is a question of law for the court, and it is held that the testimony of plaintiff in the instant case failed to show that the prosecution was instituted with malice or without probable cause." (Syl. ¶ 2.)

In the instant case the evidence wholly failed to prove want of probable cause, so that even the rule that malice may be inferred where want of probable cause is shown (*Bratton v. Exchange State Bank,* 129 Kan. 82, 281 Pac. 857, syl. ¶ 3), was inapplicable. In 18 R. C. L. 51, it is said:

". . . Nothing will meet the exigencies of the case so far as respects the allegation that probable cause was wanting except proof of the fact. Though such allegation is a negative one in its form and character, it is nevertheless a material element of the action for malicious prosecution, and the burden is upon the plaintiff to prove affirmatively, by circumstances or otherwise, as he may be able, that the defendant had no reasonable or probable ground for instituting the original proceeding, . . ."

See, also, notes in 24 A. L. R. 280; 94 A. L. R. 749; 114 A. L. R. 885 *et seq.*

Plaintiff complains of the rejection of evidence pertaining to his action for compensation as an injured workman of the Sinclair Refining Company, reviewed by this court eight years ago. (133 Kan. 285.) This defendant had nothing to do with that case, and was not bound by that decision in the slightest degree. The doctrine of *res judicata* (apparently relied on by plaintiff) requires the existence of several essential factors, identity of parties, identity of the capacity in which they sue or defend, and identity of subject matter; and that the prior action did not fail to reach a conclusive result by dismissal, mistrial or other mischance. (*A. T. & S. F. Rld. Co. v. Comm'rs of Jefferson Co.,* 12 Kan. 127, syl. ¶ 1; *Probst v. Weigand,* 133 Kan. 232, 299 Pac. 611; *Atchison & Eastern Bridge Co. v. Atchison County Comm'rs,* 150 Kan. 24, 91 P. 2d 34.) All of those essential factors to permit the introduction of any part of the record in plaintiff's case against the refining company, as evidence in the case at bar, were wanting completely.

Appellant seeks to make a point out of the fact that at the conclusion of plaintiff's evidence, defendant's demurrer thereto was overruled. The argument is made that such a ruling was an adjudi-

cation that plaintiff had made out a prima facie case sufficient to go to the jury. But in the course of a trial the court is privileged to change its ruling, and indeed it ought always to do so if or when, upon more reflection or in the further progress of the lawsuit, it discovers that its earlier ruling was incorrect. (*Cox v. Kellogg's Sales Co.*, post, p. 561, this day decided.) Not only during the course of a trial, but at any time within the same term the court may change its rulings in either a civil or a criminal case. (*Burnham v. Burnham*, 120 Kan. 90, 93, 242 Pac. 124; *State v. Langmade*, 101 Kan. 814, 168 Pac. 847.)

Ordinarily there is no material difference between a ruling on a demurrer to the sufficiency of the evidence and a directed verdict. There was none in this case.

The judgment is affirmed.