B. D. MESSING *et al., Appellees,* v. ARTHUR FAULKNER,
*Appellant.*

No. 16,646.

### SYLLABUS BY THE COURT.

JUDGMENTS—*Res Judicata—Vacation.* Where judgment is ren-
dered denying a plaintiff relief solely by reason of a prior
judgment against him involving the same matter, he is not
thereby precluded from afterward maintaining a new action
for the same purpose, if in the meantime he has procured the
vacation of the judgment which had been interposed as a bar
to his recovery in the former action.

Appeal from Clark district court. Opinion filed July
9, 1910. Reversed.

*Robert C. Mayse,* and *W. W. Harvey,* for the appel-
lant; *H. J. Bone,* of counsel.

*Francis C. Price,* for the appellees.

The opinion of the court was delivered by

MASON, J.: Arthur Faulkner brought an action to
foreclose a mortgage which he had acquired by as-
signment from J. O. Davidson, the mortgagee. Two
of the defendants, B. D. Messing and Ora P. Messing,
answered alleging that prior to the recording of the
assignment of the mortgage they had obtained a judg-
ment against Davidson quieting their title to the land.
The answer was found to be true, and the court prop-
erly rendered judgment in favor of the defendants,
upon the ground that Faulkner, having failed to record
his assignment, was bound by the decree against his
assignor, the apparent owner of the mortgage. (*Utley
v. Fee,* 33 Kan. 683.) Faulkner afterward made appli-
cation, in the case of the Messings against Davidson,
under the provision of the code (Civ. Code, § 77, Gen.
Stat. 1901, § 4511, Code 1909, § 83) authorizing a
judgment based upon service by publication to be set

aside within three years from its rendition upon a showing of a meritorious defense and a want of actual notice. Although not previously a party to the litigation, he was entitled to the benefit of this provision. (*Leslie v. Gibson,* 80 Kan. 504.) The judgment was opened and he was let in to defend. He then set up his mortgage and asked its foreclosure. He was denied relief upon the sole ground that he was barred by the judgment in the action which he had previously brought. He appeals.

In our view the trial court gave too far-reaching an effect to the judgment in the foreclosure action. That judgment merely determined that the decree quieting title was valid as against any collateral attack, that it was binding upon Faulkner, and that it was a bar to his action to foreclose the mortgage—not that it was absolutely final, or that it could in no way be set aside, but that while it stood it operated as an effectual barrier to the enforcement of the mortgage. When the decree quieting title was vacated the barrier was removed, and a materially different situation was presented.

"The estoppel of a judgment extends only to the facts in issue as they existed at the time the judgment was rendered, and does not prevent a reëxamination of the same questions between the same parties where in the interval the facts have changed or new facts have occurred which may alter the legal rights or relations of the litigants." (23 Cyc. 1290.)

"An adjudication is conclusive only as to those matters capable of being controverted between the parties at the time and as to conditions then existing, and can not operate as an estoppel to another action or proceeding which, though involving the same rights passed upon, is yet predicated upon facts which have arisen subsequent to the former adjudication." (24 A. & E. Encycl. of L. 777.)

If a judgment could only be pleaded as an estoppel after it had become absolutely final, so as to be no

longer capable of vacation on any ground, it would
follow that in holding the decree quieting title to. be
a bar to the foreclosure action the court determined
that it was a permanent and insuperable obstacle. But
in Kansas a judgment may be used as a bar even
where it has been appealed from and its enforcement
has been stayed. (*Willard v. Ostrander,* 51 Kan. 481.)
And such is the rule in the majority of the states in
which the question has been passed upon, although the
conflict is sharp and the division is nearly even. (23
Cyc. 1129; 24 A. & E. Encycl. of. L. 809.) The prac-
tical argument against this rule has been thus stated:

"The evil resulting from this rule is, that though the
judgment is erroneous, and for that reason is reversed,.
yet before the reversal it may be used as evidence, and
thereby lead to another judgment, which can not in
turn be reversed, because the action of the trial court
in receiving and giving effect to the former judgment
was correct, and does not become erroneous when such
·judgment is subsequently reversed." (1. Freeman,
Judg., 4th ed., § 328.)

(See, also, 24 A. & E. Encycl. of L. 810.)

That argument has no force as applied to the situa-
tion here presented. The judgment denying a fore-
closure did not need to be set aside in order to allow a
foreclosure in another action, because all it decided
was that as matters then stood the plaintiff had no
right of action. And that is all it could rightfully
have decided. If it had gone further and decreed the
cancellation of the mortgage it would doubtless have
been a bar to a subsequent action thereon, but the
remedy would have been to procure its reversal for
error. As suggested in *Willard v. Ostrander,* 51 Kan.
481, the courts have ample power to continue a case
in which the protection of a prior judgment is invoked,
until its finality is determined. Here, however, there
was no occasion for continuing the action brought by
Faulkner. He was entitled to try out in that case the
question whether the decree quieting title, as it stood,

was binding upon him, without prejudice to his right to procure its subsequent vacation in a direct proceeding for that purpose.

The judgment is reversed and the cause remanded for further proceedings in accordance herewith.