A. L. BRUSH, *Appellant*, v. GEORGE RICH, *Appellee*.

No. 16,720.

SYLLABUS BY THE COURT.

JUDGMENTS—*Res Judicata—Accrual of Cause of Action.* Under
the facts stated in the opinion it is held that a cause of action
sued upon did not arise until a former suit between the same
parties had been determined, is different from the causes of
action involved in the former suit, and was not in fact adjudi-
cated in the former suit, and consequently that the defense of
*res judicata* is not sustained.

Appeal from Wilson district court. Opinion filed De-
cember 10, 1910. Reversed.

*P. C. Young,* for the appellant.

The opinion of the court was delivered by

BURCH, J.: In February, 1904, Nancy J. Higgins
deeded a tract of land to her son, George Rich. Rich
sold the land to R. A. McWilliams, who was the agent
of the appellant, A. L. Brush. In March, 1904, Nancy
J. Higgins deeded to McWilliams, and later in the same
month died. Rich brought an action against the other
heirs of Nancy J. Higgins to quiet his title. The de-
fendants answered that the deeds from Nancy J. Hig-
gins had been procured by the fraud and undue in-
fluence of Rich, and that she lacked mental capacity to
convey, and prayed that they be set aside and for par-
tition.

In July, 1904, Rich and McWilliams entered into a
contract whereby McWilliams was to pay $2300 in cash,
and the balance of the purchase price of the land not
later than October, 1904, when Rich should produce a
decree establishing his title as a result of the pending
suit. The cash payment was made, and a general war-
ranty deed from Rich to McWilliams was placed in es-
crow to await the production of the expected decree.
McWilliams was made a party to the suit, answered set-

ting up his contract with Rich, and prayed that he be subrogated to the rights of Rich should the deeds be set aside. In October the deeds were set aside, Rich was given one-seventh of the land and McWilliams was awarded that share only, subject, however, to a lien. The $2300 which Rich had received more than paid for one-seventh of the land, and Brush, as the real party in interest, then sued Rich for the overpayment. A demurrer was sustained to Brush's evidence, on the ground that the matter was *res judicata,* and he appeals.

The district court probably had in mind the general statement frequently made that any matter which might have been litigated in a former suit is *res judicata* in a subsequent action between the same parties. The true rule was stated and illustrated in the case of *Stroup v. Pepper,* 69 Kan. 241. The first paragraph of the syllabus of that decision reads as follows:

"The rule that a judgment in bar, or as evidence in estoppel, is binding not only as to every question actually presented and considered and on which the court rested its decision, but also as to every question that might have been presented and decided, does not apply to a different cause of action between the same parties, except as to questions shown to have been actually decided in the former action."

Rich had until the rendition of judgment in October to make his contract good, and it could not be known whether Brush had a cause of action against Rich or the extent of a possible cause of action until the former suit was determined. Consequently such a cause of action had no rightful place in the former suit. The former suit was one to quiet title on one side and to set aside conveyances and for partition on the other. McWilliams merely asked the equitable relief of subrogation to whatever Rich might receive as the fruit of the litigation. Therefore there is no semblance of identity between the causes of action involved in the former suit and the one now presented. The facts necessary to entitle McWilliams (for Brush) to subrogation were adju-

Casteel v. Brick Co.

dicated, but the liability of Rich to Brush, depending upon and arising in consequence of the judgment in the former suit, was not adjudicated. Therefore, from every point of view, the demurrer to the plaintiff's evidence was wrongfully sustained.

The judgment of the district court is reversed and the cause is remanded, with direction to overrule the demurrer and proceed with the trial from the point at which it halted.