HENRY H. ROUTH, *Appellee*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF FINNEY, *Appellant*.

No. 16,732.

SYLLABUS BY THE COURT.

1. JURISDICTION—*Appeal from Order of Commissioners Disallowing Claims against the County.* The board of county commissioners in passing upon claims against the county does not exercise a strictly judicial function; the appeal which the statute gives from its disallowance of an account is merely a method for getting the controversy into court. The district court upon such an appeal exercises original jurisdiction, and may adjudicate a question of title to real estate if the validity of the claim is affected thereby.

2. JUDGMENTS—*Res Judicata.* A judgment which may have resulted from a determination of either one of two or more separate issues does not constitute an adjudication as to either, where it is not shown upon which it was in fact based.

3. —— *Same.* A judgment against the plaintiff in an action for rent, where the issues were whether the plaintiff owned the property and whether the defendant occupied it under such circumstances as to create an obligation to pay rent to the owner, does not estop the plaintiff to assert the same title in ejectment subsequently brought against the same defendant, in the absence of a showing that the court in the first action actually decided the question of title against the plaintiff.

Appeal from Finney district court. Opinion filed February 11, 1911. Affirmed.

*Edgar Roberts*, county attorney, and *Albert Hoskinson*, for the appellant; *R. W. Hoskinson*, of counsel.

*O. H. Foster, Edgar Foster*, and *H. O. Trinkle*, for the appellee.

The opinion of the court was delivered by

MASON, J.: Henry H. Routh brought ejectment under a tax deed against the board of county commissioners of Finney county and recovered a judgment, from which an appeal is taken. The defendant practically admits that the plaintiff established his right to recover unless he was estopped to assert title under the tax deed by a judgment rendered in an action previously brought by him for the rent of the same property.

The claim for rent was originally presented to the county board. It was disallowed, and Routh appealed to the district court. A trial there resulted in a judgment against him. He now maintains that this previous judgment can not constitute an estoppel in the present action for the reason that the district court had only appellate jurisdiction in the case, and as the county board had no jurisdiction to adjudicate a question of title to real estate the district court on appeal had none. This argument assumes that the commissioners in effect constitute a court and exercise a strictly judicial function in passing upon claims against the county. That is the rule in many states (7 A. & E. Encycl. of L. 1003; 55 Am. St. Rep. 203, note), but not in Kansas. (*Commissioners of Leavenworth v. Keller*, 6 Kan. 510.) In the case cited it was said:

"It is true that the allowance was so far judicial that an appeal could be taken from the decision, if adverse to the claimant; but not in the sense which is usually given to the word judicial. The appeal is given that the

case may be heard judicially, and the method of getting the case into court is by appeal." (p. 522.)

As suggested by the language quoted, what is called an appeal is really only a means of getting the con-troversy before a court. It is a substitute for filing a petition and causing a summons to issue. The dis-trict court in the one case as in the other acquires and exercises original, and not appellate, jurisdiction, and has power to pass upon a question of title to real estate if the validity of the claim in controversy is affected thereby.

If the plaintiff's right to recover rent had been de-nied by the district court upon the ground that his tax deed was void, doubtless he would have been precluded from asserting a title thereunder in the ejectment ac-tion. But this is not shown to have been the case. In the litigation concerning the rent there were no formal pleadings. The trial was had without a jury. The plaintiff offered his tax deed in evidence. The parties agreed that at sometime not stated the defendant had fenced up the property and claimed it under a mortgage. There seems to have been no evidence or agreement as to the rental value. No special findings were made, nor was the ground of the decision for the defendant stated in the judgment or elsewhere in the record. The general finding for the defendant did not neces-sarily imply a decision that the plaintiff had no title. In order to recover he had to establish not only title on his part, but also such occupancy by the defendant as created an obligation to pay rent to the owner. The judgment against him may be said to have determined either that he had no title or that the defendant had not so occupied the property during the period for which rent was claimed, but it did not necessarily de-termine that both these conditions existed, and the record does not show upon which it was actually based. It might be argued that, in view of the language of

the admission concerning the fencing of the property, the trial court ought to have decided, and therefore should be deemed to have in fact decided, that the defendant did occupy the property under such circumstances as to incur a liability to the owner for rent. But with equal force it may be said that as the tax deed appears to be valid the court should be deemed to have held that it conveyed a good title. Perhaps, also, there should be considered the possibility that the court may have ruled against the plaintiff upon the ground that he failed to prove any value of the use of the property. Inasmuch as the judgment was the necessary result of a determination against the defendant upon either of the issues involved, and the record does not show upon which it was in fact based, it does not constitute an adjudication as to either.

"In the absence of proof that a particular issue actually was tried and determined in arriving at a former judgment, it is conclusive by way of estoppel only as to those facts without the existence and proof or admission of which it could not have been rendered; in other words, it is conclusive evidence of whatever it was necessary for the court or jury to have found in order to warrant the decision or verdict in the former action, and no further." (23 Cyc. 1308.)

"A judgment is not *res judicata* as to a question not appearing upon the face of the record, or shown by extrinsic evidence to have been determined in the action. If there be any uncertainty as to the precise issue involved and determined in the action, as, for example, if it appear that several distinct matters were litigated, upon any one or more of which the judgment may have turned, the whole matter of the action will be at large and open to subsequent controversy." (24 A. & E. Encycl. of L. 773.)

The defendant invokes a statement often made—that a judgment is final as to every matter which the parties might have litigated in the case and which they might have had decided. (*Hentig v. Redden*, 46 Kan. 231.)

That expression is obviously too broad. The true rule was thus stated in *Stroup v. Pepper*, 69 Kan. 241:

"The rule that a judgment in bar, or as evidence in estoppel, is binding not only as to every question actually presented and considered and on which the court rested its decision, but also as to every question that might have been presented and decided, does not apply to a different cause of action between the same parties, except as to questions shown to have been actually decided in the former action." (Syl. ¶ 1.)

The judgment in the first action finally settled that the defendant owed the plaintiff nothing for rent, but for want of pleadings or special findings, or something to take their place, it settled nothing else. In a subsequent action the plaintiff could not maintain a right to recover rent upon some new ground. In that sense anything that he could have litigated in his action for rent is regarded as having been actually litigated, but that is the extent to which the rule applies in such a case.

The judgment is affirmed.