Story v. Lang.

---

No. 18,544.

ADALINE E. STORY, *Appellant,* v. IGNETZ LANG et al., *Appellees.*

### SYLLABUS BY THE COURT.

JOINT TORT FEASORS—*Two Judgments—Payment of One no Satisfaction of the Other.* In order for a joint judgment debtor to be entitled to a release or satisfaction on the ground that a subsequent judgment recovered in another action for the same tort has been paid by the defendant therein, it is incumbent upon him to show that the latter judgment was recovered against his joint tort feasor for the same wrong litigated in the former action.

Appeal from Trego district court; JACOB C. RUPPENTHAL, judge. Opinion filed January 10, 1914. Affirmed.

*Herman Long,* of Wa Keeney, for the appellant.

*David Ritche,* and *G. A. Spencer,* both of Salina, for the appellees.

The opinion of the court was delivered by

WEST, J.: The plaintiff contracted to sell a tract of land for a certain quantity of wheat to be grown thereon during a term of years. The grantee transferred his interest to another, who rented the land to Lang, who permitted Augustine to farm a part of it. The plaintiff sued to recover back the land for default of payment, and also sued to recover the wheat raised by the tenants last named. It was decided that she

was entitled to only a portion of the crop, and the two tenants, Lang and Augustine, recovered a judgment against her for $192.52 for wheat which she had by her agent Nelson threshed and sold. Afterwards Lang sued Nelson in justice court for conversion of certain kaffir corn, hay and straw, and recovered a judgment among other things for $2.25 for straw taken August 27, 1910, by Nelson at the time he was threshing the wheat for the plaintiff herein. Nelson paid the judgment, and thereafter the plaintiff in this action moved the district court to order the $192.52 judgment canceled, which was refused, and the plaintiff appeals.

Her theory is that as the straw for which the judgment for $2.25 was recovered and paid was taken by Nelson while acting as her agent the principal and agent were joint tort feasors, and that Nelson having settled for his part of the joint tort no further liability exists against his former principal. Upon refusing the motion to cancel the judgment against the plaintiff herein the court made findings of fact, and in No. 5 expressly found that in the former suit against Lang and Augustine no recovery was sought nor finding made as to straw, and that in the subsequent case in the justice court against Nelson no recovery was had or finding made concerning wheat; that in the former case no finding was made of the exact nature of the rights of either Lang or Augustine in the straw converted by the plaintiff, as to whether they were joint owners or owners severally, or how much of the wheat belonged to either. The court also found that Nelson testified that three or four days before the threshing and conversion of the wheat he bought the land on which it was grown, and the taking of the wheat and straw was one transaction. An attempt was made upon the hearing of the motion to show the respective interests of Lang and Augustine in the wheat converted by Nelson's former principal, which so far as it went indicated that of the straw in question Lang owned

about four-fifths and Augustine about one-fifth, less the rental due the landowner. Suffice it to say that the straw involved in the case in justice court was not a subject of litigation of the former case in district court. The parties were different, the subject matter was different, and if Nelson was in fact the owner of the land before he disposed of the wheat he could not well have been acting as the agent of the plaintiff. On the other hand, if he was acting for her in converting certain wheat it does not necessarily follow that she had anything to do with straw converted by him, and the apparent finding of the justice that the straw was taken at the time of the threshing of wheat for the plaintiff is not conclusive that it was for her benefit or by her connivance any more than that the kaffir corn for which the justice awarded a judgment of $9 is chargeable to the plaintiff. The judgment against the plaintiff is a joint judgment in favor of Lang and Augustine, and neither claimed or recovered anything in the former action against Nelson. Indeed, he was not a party thereto.

Assuming without deciding that the plaintiff's theory that only one possible satisfaction for a joint tort is correct, before she can justly demand a cancellation of her judgment she must show that it was in fact recovered for a joint tort so that its payment is necessarily a finality.

The following decisions shed some light on the question at issue: *Westbrook v. Mize,* 35 Kan. 299, 10 Pac. 881; *W. & W. Rld. Co. v. Beebe,* 39 Kan. 465, 18 Pac. 502; *Edens v. Fletcher,* 79 Kan. 139, 98 Pac. 784; *Brush v. Rich,* 83 Kan. 531, 112 Pac. 158; *Routh v. Finney County,* 84 Kan. 25, 113 Pac. 397; *Clifton v. Meuser,* 88 Kan. 408, 129 Pac. 159; *Wardell v. McConnell,* 25 Neb. 558, 41 N. W. 548.)

From the record, including the findings, we find no error in the refusal to cancel the judgment, and such ruling is affirmed.