## No. 30,803.

THE INGALLS LAND AND LOAN COMPANY, *Appellee,* v. SIMON COHEN, *Appellant.*

(16 P. 2d 500.)

Opinion filed December 10, 1932.

*Wilbur S. Jenks,* of Ottawa, for the appellant.

*F. M. Harris, B. W. Kelsey,* both of Ottawa, *W. P. Waggener, J. M. Challis* and *O. P. May,* all of Atchison, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for rent. Judgment was for plaintiff sustaining a demurrer to certain paragraphs of the answer of defendant. Defendant appeals.

On July 10, 1930, appellee filed suit against appellant. The peti-

tion alleged that prior to August 14, 1929, appellant and appellee had negotiations for the renting of a building owned by appellee. The rent was to be $100 a month for a term of three years, and appellee was to make certain improvements on the building at a cost of not to exceed $700. The petition alleged that appellee wrote appellant a letter on August 14, 1929, setting out the proposed terms of the lease. In this letter appellant was asked to indicate his approval thereon. The petition alleged that appellant did approve the terms set out in the letter, either by writing thereon "O. K. Simon Cohen, U. H. T." or by authorizing someone to write it. The petition alleged that appellee placed appellant in possession of the premises and expended the $700 in improvements. The petition then alleged that appellant occupied the building and paid rent from September, 1929, until April, 1930, and that some time during April, 1930, appellant abandoned the premises. The petition alleged that the formal and confirmatory lease spoken of in the letter of August 14, 1929, never was executed, but that the letter with appellant's written approval thereon had been deemed by all parties as sufficient for a three-year lease. The petition asked judgment for the rent for the months of April, May, June and July at the rate of $100 a month. Later in a supplemental petition appellee asked for the rent for August and September, 1930.

To this petition appellant filed an answer denying that he had ever signed the letter of August 14 set out in the petition, denying that he authorized anyone to sign it for him, and stating that if the words "O. K. Simon Cohen, U. H. T." appeared on the letter they were not written by him or by anyone authorized by him. The answer alleged that he had occupied the premises, paying rent from month to month, and that this tenancy had terminated.

To this answer appellee filed a reply realleging the statements in the petition with reference to the letter, appellant going into possession of the property, the expending of the $700 and the paying of rent for seven months.

This case was tried to a jury and resulted in a verdict and judgment in favor of appellee for $350. This judgment was paid.

On September 4, 1931, the suit in which this appeal was taken was filed by appellee. Substantially the same allegations were made as have been set out heretofore in this opinion as to the former case. In this suit rent was asked for the months from October, 1930, to May 10, 1931. To this suit appellant filed a general denial and

also alleged that all matters in controversy between appellant and appellee had been fully adjudicated in the former case. **Attached** to the answer were copies of all the proceedings in the former case.

To the paragraphs of the answer setting up this defense of former adjudication appellee demurred. This demurrer was sustained. From that ruling this appeal is taken. We will examine the questions raised in the light of the rule laid down in *Smith v. Auld,* 31 Kan. 262, 1 Pac. 626. There the court said:

"One rule fully established is, that you may examine the entire record of the prior action in order to determine what was in fact adjudicated. The inquiry is not limited to the mere formal judgment. It extends to the pleadings, the verdict or the findings, and the scope and meaning of the judgment is often interpreted by the pleadings, verdict or findings. Indeed, to determine the matters which were adjudicated, not only may you look to the entire record, but also in many instances you may resort to parol testimony." (p. 266.)

Appellant points out the following instruction given by the court at the first trial:

"Under the evidence in this case, there are two distinct theories upon which the plaintiff might recover, one being under the alleged contract, and the other, on the tenancy from month to month, and I have attempted to give you the law which applies to these separate contentions."

He then calls attention to the answers to special questions of the jury in the former case. They are as follows (those submitted by appellant):

"1. Did Simon Cohen write the words 'O. K. Simon Cohen, U. H. T.' upon the letter introduced in evidence dated August 14, 1929? No.

"2. Did Simon Cohen authorize any person in writing to sign his name to such letter? No.

"3. Did Simon Cohen rent the storeroom at 703 Commercial street, Atchison, on or about the first of July, 1929, under a verbal lease at $75 per month? Yes.

"4. Was there verbal conversation between Sheffield Ingalls and Simon Cohen with reference to certain improvements of the storeroom early in August, 1929? Yes.

"5. Was the rent increased from $75 to $100 per month early in August, and did Simon Cohen pay $100 rent for the month of August, 1929? Yes.

"6. Did the plaintiff and Simon Cohen on or prior to August 14, 1929, verbally agree upon the terms of a lease of the storeroom at 703 Commercial street? Yes.

"7. Did Simon Cohen continue to occupy the said storeroom, paying rent at $100 per month until and including February, 1930? Yes.

"8. Did Simon Cohen sell his stock of merchandise in February, 1930? We do not know.

"9. Was said storeroom occupied by one Saul Spector during the month of March, 1930? We do not know.

"10. Did the plaintiff collect the rent for March, 1930, from Saul Spector? Yes.

"11. Did Saul Spector vacate the said storeroom about April first, 1930? Yes.

"12. Did the plaintiff learn at or soon after that the said storeroom was vacant? Yes.

"13. Did the plaintiff secure the keys to the said storeroom at or about that time? Yes.

"14. Did the plaintiff make any effort to rent the said storeroom from April first to September first, 1930? No.

"15. Is the storeroom in question located at or near the best business part of the city of Atchison? Yes."

Those submitted by appellee were:

"1. Did the plaintiff send to the defendant by mail the letter dated August 14, 1930? Yes.

"2. When such letter was returned to the plaintiff was the approval of the defendant written thereon? Yes.

"3. Did the defendant sign such letter, or authorize some person to sign for him? We do not know.

"4. After such letter had been returned, with the approval written on it, did the manager of the plaintiff talk with the defendant concerning his having received such letter and approval? Yes.

"5. Did the defendant at such time acknowledge his approval of such letter? No.

"6. Did the plaintiff expend $700 in improvements as provided in said letter? Yes.

"7. Was this money spent under the supervision of the defendant and according to plans approved by him? Yes.

"8. Did the defendant pay rent as specified in this letter? Yes.

"9. Did the defendant pay the water, light and gas bills? Yes.

"10. Did the defendant employ the painter and electrician who worked in this building? Yes.

"11. Did the defendant notify the plaintiff of his intention to vacate this building? No."

Appellant argues that under the issues raised by the pleadings, the instructions of the court, and the answers to the special questions the jury decided against the contention of appellee that the letter of August 14, 1929, should be treated as a written lease. He argues that the jury must have decided that appellant was a tenant from month to month and that he had given notice of his termination of the tenancy.

To deal with that contention we must notice one further instruction given by the court in the former case. It is as follows:

"3. The letter in evidence as Exhibit No. 1 is a sufficient writing to bind Cohen if the terms of it were accepted by him and he signed the same or some person in his presence signed his name to it at his direction. Again, if Cohen was familiar with the contents of the letter and conducted himself in such a way as to lead the plaintiff to believe that he was acting under the terms of the agreement set out therein and induced the plaintiff thereby to spend its money for improving the building, he would likewise be bound by the stipulations in the letter."

It will be seen that the court submitted the question of whether appellant acted in such a manner as to induce appellee to believe that he held under the lease set out in the letter, as well as whether he had signed the letter.

Our examination of all the proceedings in the former case has caused us to reach the conclusion that there is as much indication that the jury reached the conclusion it did reach on the theory that appellant had acted in such a manner as to lead appellee to believe he was holding under the lease set out in the letter, as that it adopted the theory appellant was a tenant from month to month. In *Routh v. Finney County*, 84 Kan. 25, 113 Pac. 397, this court said:

"A judgment which may have resulted from a determination of either one of two or more separate issues does not constitute an adjudication as to either, where it is not shown upon which it was in fact based." (Syl. ¶ 2.)

See, also, *Clifton v. Meuser*, 88 Kan. 408, 129 Pac. 109.

Where the judgment might have been reached on any one of two or more theories it cannot be said that the fact that the judgment was reached adjudicates any certain state of facts upon which the judgment might be based. Here, from an examination of the pleadings, the instructions and the answers of the jury, we are unable to say upon which theory the jury reached the theory it did reach. Since this is true the facts pleaded in the paragraphs of the answer demurred to did not set up a defense of prior adjudication. The demurrer to the answer was properly sustained.

The judgment of the district court is affirmed.