No. 38,680

A. C. ANDERSEN, *Appellant*, v. HARRY A. ANDERSEN, *Appellee.*

(249 P. 2d 686)

Opinion filed November ·8, 1952.

*James P. Mize,* of Salina, argued the cause, and *C. L. Clark* and *Jason K. Yordy,* both of Salina, were with him on the briefs for the appellant.

*Clarence Paulsen,* of Concordia, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This case stems from a dispute between two brothers who, on February 25, 1948, were the only persons owning or having an interest in a business firm located at Salina, Kansas, known as Farm Equipment Parts Service Company.

By a petition filed in the district court of Cloud county the plaintiff, A. C. Andersen, claimed that on or about February 25, 1948, he entered into a written settlement agreement and accord with the defendant, Harry A. Andersen, whereby he acquired all interest of the latter in the business firm together with its assets, excepting some merchandise the defendant had theretofore been permitted to withdraw and keep as his own from the firm's inventory, and that on such date he delivered defendant a check which was accepted in payment of such settlement and accord. Under further allegations of the petition plaintiff claimed that defendant had wrongfully obtained and was in possession of certain items of merchandise, fixtures, and equipment in violation of the terms of the accord and settlement and prayed that he recover the reasonable value of that property with interest from February 25, 1948.

In response to the petition defendant filed a verified answer and counterclaim wherein he denied execution of the contract or acceptance of the check described in the petition, admitted that he had

possession of some but not all of the equipment described in that pleading, and asserted the existence of an oral contract respecting the business relationship between the parties under which he claimed the right to have, and prayed for, a general accounting of the firm's business.

Plaintiff met the allegations of the answer and cross-petition by a reply wherein he denied each and every allegation therein set forth contrary to or inconsistent with the allegations of his petition and prayed that he be granted the relief sought under the allegations of that pleading.

With issues joined as above related the parties at a pretrial conference, in conformity with the provisions of G. S. 1949, 60-2705, relating to pretrial procedure in district court, as evidenced by a subsequent order made by the trial court reciting the action taken at such conference, stipulated as to the existence of certain facts and agreed that the action to be taken by the court in the case there pending was to be as follows:

"*a.* To first determine whether there was an accord between the parties hereto.

"*b.* If so, to determine what the accord was, and whether or not it has been performed.

"*c.* Should the court determine there was no accord, then to hold or cause to be held a full accounting as between the parties to this action."

Nothing would be gained and it would only burden our reports to detail the proceedings had in the court below. It suffices to say that on evidence adduced by the parties that tribunal rendered judgment holding no accord and settlement had ever been reached between the parties with reference to the business known as Farm Equipment Parts Service Company and ordering, as the parties had agreed upon in the event of such a finding, a general accounting between plaintiff and defendant to determine the status of the affairs of such business.

Notwithstanding his stipulation and agreement as to the course of procedure to be followed in the lower court, the plaintiff now seeks appellate review of the trial court's action in overruling divers motions filed by him wherein he attacked and sought to overthrow the finding of the trial court and the portion of its judgment relating thereto to the effect no accord or settlement had been reached between the parties with reference to the business in question.

In view of what has been heretofore related it becomes crystal

clear that what plaintiff is now attempting to do is to take an intermediate appeal before carrying out, and without complying with, the stipulation and agreement reached between the parties at the pretrial conference and the subsequent order made by the trial court in conformity therewith. Under such circumstances we are compelled to hold his attempted appeal from the rulings on the orders to which we have referred is premature and must be dismissed. This conclusion, it is to be noted, does not preclude but merely postpones appellate review on those rulings until such time as one or the other of the parties see fit to appeal from whatever final judgment may be rendered at the conclusion of the full and complete general accounting ordered by the trial court. See G. S. 1951 Supp. 60-3314a, in force and effect on all dates here in question, providing that when an appeal or cross-appeal has been timely perfected the fact that some ruling of which the appealing or cross-appealing party complains was made more than two months before he perfected his appeal shall not prevent a review of the ruling.

The appeal is dismissed.