No. 44,686

A. D. CAMPBELL and AVA CAMPBELL, *Appellees*, v. NAKO CORPORATION, a Foreign Corporation, B. W. KLIPPEL and ALLEEN P. KLIPPEL, JOE SUTCLIFFE, d/b/a SUTCLIFFE PIPE AND SUPPLY, CARL PATE, d/b/a OILFIELD RESEARCH LABORATORIES, LESLIE P. BAKER and STATE OF KANSAS LABOR DEPARTMENT, EMPLOYMENT SECURITY DIVISION, *Defendants*, B. W. KLIPPEL and ALLEEN P. KLIPPEL, *Appellants*.

(424 P. 2d 586)

Opinion filed March 4, 1967.

*Harold H. Malone*, of Wichita, argued the cause and was on the brief for appellants.

*Charles H. Apt*, of Iola, argued the cause and *Frederick G. Apt, Jr.*, of Iola, was with him on the brief for appellees.

The opinion of the court was delivered by

FROMME, J.: This appeal is a sequel to *Campbell v. Nako Corporation*, 195 Kan. 66, 402 P. 2d 771. Defendants, B. W. Klippel and Alleen P. Klippel, in said case brought themselves within the provisions of K. S. A. 60-309 and were let in to defend. The action was brought for cancellation of an oil and gas lease.

The case was returned to the court below and a trial resulted in judgment for plaintiffs, A. D. Campbell and Ava Campbell. The defendants appeal from this judgment on the ground they were not given their day in court. The trial court did not permit them to introduce any evidence which might tend to prove the oil and gas lease had remained alive and was a valid and binding lease. A statement of the history behind this case is necessary to understand the questions presented in this appeal.

On April 2, 1907, an oil and gas lease was made and executed on land in Allen county. The lease was made for a primary term of ten years. It provided if no oil or gas well was drilled within six months the contract would cease unless the lessee paid an annual delay rental. The lease further provided if oil or gas be found the contract should continue so long as either *can be procured in paying quantities*. It further stated that rentals were to be paid until royalties exceeded rentals, and if *royalties should stop then rentals were to commence*.

Oil wells have been in production on this land for many years. The present landowners, A. D. Campbell and Ava Campbell, filed an action to declare the lease cancelled on this eighty acres. The petition was filed October 2, 1962, and a copy of the lease was attached. Plaintiffs allege they are the owners of the land and Nako Corporation is the present owner and operator of the lease, having acquired the lease by a sheriff's sale transfer on May 2, 1961. Plaintiffs state that B. W. Klippel and Alleen P. Klippel are the present owners of a one-sixteenth overriding royalty interest in said lease. Lienholders, with whom we are not concerned, were joined in the action. The plaintiffs further allege there are eight completed oil wells on the eighty acres. The last well was drilled in November 1961 but has not been placed on pump. Plaintiffs state the owners and operators of the lease have failed to develop the lease, have improperly maintained and operated the same and at the time of filing the petition the lease had been abandoned.

The lessee, Nako Corporation, appeared and filed an answer to the petition in the nature of a general denial. The overriding

royalty owners, B. W. Klippel and Alleen P. Klippel, were served by publication service but did not know of or appear in the action. A default judgment was rendered against all defendants on February 15, 1963. The lessee, Nako Corporation, had become involved in financial difficulties. They made no appearance when judgment was entered declaring the lease forfeited and cancelled.

Forty-four days later the Klippels filed an application under K. S. A. 60-309 to open the judgment and to be let in to defend. Their answer attached to the application admitted ownership of a one-sixteenth overriding royalty interest in the lease. They denied plaintiff was entitled to cancellation of the lease, alleged Nako Corporation was diligently operating the lease, stated the lease had not been abandoned and the previous judgment cancelling the lease was obtained by fraud and collusion. This application to open the judgment was granted on appeal to this court in *Campbell v. Nako Corporation*, supra.

Nako Corporation in the meantime had gone into receivership and the receiver sold the interest in this oil and gas lease to M & B Drilling Company, Inc. on October 4, 1963. M & B Drilling Company, Inc. brought a separate action to open the judgment cancelling the lease. Their right to open the judgment was denied on appeal to this court in *M & B Drilling Co. v. Campbell*, 197 Kan. 323, 416 P. 2d 777.

On first impression it would appear the law is inconsistent in permitting one defendant in an action to open a judgment when another defendant is denied that right. However, we note M & B Drilling Company, Inc. acquired its interest in the subject matter of the action from Nako Corporation who had personal notice of the action. In *M & B Drilling Co. v. Campbell*, supra, the court applied our rules of procedure which determine the right to open a judgment and found that notice of the default judgment had been given and plaintiff had not brought itself within the procedural requirements of our statute.

On the other hand the Klippels had no notice of the prior proceedings. They were served by publication in a newspaper and were let in to defend the action under the procedural requirements of K. S. A. 60-309 (*a*). This statute provides:

"A party against whom a judgment has been rendered without other service than publication in a newspaper, may, at any time within two (2) years after the entry of the judgment, have the same opened and be let in to defend. Before the judgment may be opened the applicant shall give notice to the

adverse party of his intention to make such an application and shall file a full answer to the petition, pay all costs if the court require them to be paid, and make it appear to the satisfaction of the court by affidavit that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense. The adverse party on the hearing of the application may present counter affidavits."

The reason for the different results reached in the two cases is based on procedural requirements.

Our next consideration is whether or not the judgment in *M & B Drilling Co., v. Campbell,* supra, renders inquiry into cancellation of the lease *res judicata.* The action in both of these reported cases was determined on procedural issues. The question was whether or not the parties should be let in to defend. The determinative issue decided in each case was whether they had personal notice of the proceedings. The question of cancellation of the oil lease was never reached and no issues on this question were decided. Our court has previously determined this question in *Messing v. Faulkner,* 83 Kan. 115, 109 Pac. 1001. In *Messing* a mortgagee sought foreclosure of a mortgage but was denied relief because of a judgment in a quiet title action rendered without notice to him upon publication service. Judgment was rendered in favor of the landowner-mortgagor. Thereafter the mortgagee applied and was let in to defend in the quiet title action. He set up his mortgage and requested foreclosure as his defense. The plaintiff contested on the ground that judgment denying foreclosure in the previous action was conclusive and the doctrine of *res judicata* applied. The court rejected this plea of *res judicata* and said at page 117:

"That argument has no force as applied to the situation here presented. The judgment denying a foreclosure did not need to be set aside in order to allow a foreclosure in another action, because all it decided was that as matters then stood the plaintiff had no right of action. And that is all it could rightfully have decided. If it had gone further and decreed the cancellation of the mortgage it would doubtless have been a bar to a subsequent action thereon, but the remedy would have been to procure its reversal for error. . . ."

(See *Routh v. Finney County,* 84 Kan. 25, 113 Pac. 397; *Ingalls Land & Loan Co. v. Cohen,* 136 Kan. 556, 16 P. 2d 500; *Kinsey v. Farmers State Bank,* 132 Kan. 694, 297 Pac. 693.)

In *M & B Drilling Co. v. Campbell,* supra, judgment was based on issues of fact relating to procedural matters. The issues of fact determined did not concern the oil and gas lease or grounds for cancellation thereof. Therefore the judgment did not have the

effect of rendering the issues *res judicata* in the action to cancel the oil and gas lease.

Let us now turn to matters presented by the parties to this appeal. After the Klippels were let in to defend against the action the trial court placed a limitation on the issues to be decided. The limitation is set forth in the pre-trial order as follows:

"The petition heretofore filed by the appellants to be let in to defend and to reopen the case insofar as it adversely affects them, is now granted and their answer presented in connection with said application is now considered filed.

"Under the opinion of the Supreme Court, the only question for determination now presently existing in this case is that of whether the cancellation of the oil and gas lease in question under which the appellants held an overriding royalty interest was obtained by collusion between the lessee, Nako Corporation and the plaintiffs, and was the result of fraud against the appellants.

"Since the judgment in this case cancelling the lease is a final judgment, and since the interests of the appellants was dependent upon said lease, it follows that if no fraud or collusion is shown no further remedy is available under the Supreme Court opinion to the appellants. If on the other hand it is established that such fraud and collusion existed, then the question will arise as to whether the judgment cancelling the lease should be set aside and the issues as to the right of cancellation be retried or whether the appellants have only a claim for damages against those perpetrating the fraud."

At the trial defendants attempted to introduce evidence bearing upon the present status of the lease by offering testimony that the lease had been operated in a proper manner and if the wells were shut down this was temporary and with no intent to abandon the lease. Defendants attempted to show the lease might be held by payment of minimum rentals if royalties should stop. All such evidence bearing upon the present status of the lease was excluded on the ground that the previous judgment cancelling the lease remained in effect and that defendants were limited to proof of fraud or collusion.

At the conclusion of the trial the court found no fraud or collusion had been proven and entered judgment against defendants. The defendants, B. W. Klippel and Alleen P. Klippel, have perfected the present appeal and will be referred to as appellants. They set forth eight separate grounds for error in the statement of points. These eight points bear upon one ultimate question in the appeal. Did the judgment of February 15, 1963, against the lessee, Nako Corporation, remain a final adjudication which terminated the oil and gas lease even though the appellants (Klippels) had obtained

relief under K. S. A. 60-309? If so the lease was cancelled by judgment and the overriding royalty owners would be limited to issues of fraud and collusion which presupposes a termination of the lease.

The nature of an overriding royalty interest and its dependence upon the continued life of the lease has been explored and explained. We need not explore the matter further for the purposes of this appeal except to say the "override" terminates with the parent lease. (See *Connell v. Kanwa Oil Inc.*, 161 Kan. 649, 170 P. 2d 631; *Anderson-Prichard Oil Corp. v. Unknown Successors, etc., Okla. Royalty Corp.*, 167 Kan. 432, 207 P. 2d 417; *Renner v. Monsanto Chemical Co.*, 187 Kan. 158, 354 P. 2d 326.)

The appellants strenuously urge that the right to be heard granted by this court in *Campbell v. Nako Corporation*, supra, included the right to question the sufficiency of the evidence upon which the landowners base their theory of cancellation and to introduce evidence upon which the court might deny cancellation of the oil and gas lease. They contend that otherwise the right to defend granted by the court became a hollow gesture for they are prevented from introducing evidence to prove the validity of the source of their interest which was the lease.

This leads to a determination of the effect of opening a judgment against multiple defendants when one defendant is let in to defend as provided by K. S. A. 60-309. We have not previously considered this question as it concerns multiple defendants.

In *McCulloch v. Dodge*, 8 Kan. 476, the court discussed the nature of the order setting aside a default judgment. At page 479 of the opinion the court said:

"*Third:* Neither will it be claimed that said order is 'an order that involves the merits of the action, or some part thereof.' It simply opens up the judgment and the default, and allows the said defendants to answer, so that the merits of the action may be heard and considered, and the case disposed of on its merits. Courts will always as far as they can favor rulings that will allow cases to be disposed of on their merits, and will always as far as they can discountenance every attempt to prevent cases from being heard on their merits. . . ."

In *Albright v. Warkentin*, 31 Kan. 442, 445, 2 Pac. 614, the court appeared to recognize the possibility of interrelated rights of multiple defendants who might be affected by the opening of a judgment when it said:

". . . Indeed, in order to do justice to both parties, the provisions of that section should be construed in no technical way, but fairly and reason-

ably. Every party ought to have his day in court; and while service by publication, which in fact imparts no actual notice, must be sustained, yet a party thus served, and who has in fact no knowledge of the proceedings, ought to be granted a hearing if it can be possibly done consistent with the rights of other parties. . . ."

In *Messing v. Faulkner,* supra, a party not previously in a case was permitted to come into the case. The judgment quieting title to land was set aside and he was permitted to defend by setting up his mortgage and asking for its foreclosure.

In *Taylor v. Woodbury,* 86 Kan. 236, 238, 120 Pac. 367, it was stated:

". . . All that the judge at chambers does in granting the application is to make a provisional or interlocutory order permitting the defendant to set up his defense to the action. If on the final hearing the court shall decide that the defense is insufficient, no new judgment is rendered; the original judgment stands as of the date it was rendered. . . ."

We have examined many other cases in which there were multiple defendants affected by the order but none of these opinions treat multiple defendants or decree a partial vacation of the judgment. (See, also, *Withers v. Miller,* 140 Kan. 123, 34 P. 2d 110.)

The question posed here is treated in the *annotation* in 42 A. L. R. 2d p. 1030. The courts are divided as to the effect of allowing one of several defendants in to defend after a judgment has been rendered against multiple defendants. A minority of the states follow the common law unit-judgment rule and hold a judgment is inseparable and its vacation as to some of the parties against whom it runs requires its vacation as to all of the parties.

A majority of the states hold that a judgment may be partially set aside as to one defendant and the judgment against other defendants whose rights are in no way related is not disturbed thereby. The general wording of K. S. A. 60-309 and our case law on the subject would indicate that the common law unit-judgment rule does not apply in Kansas. If a single defendant is let in to defend the action, a judgment rendered against multiple defendants is not disturbed as to other defendants if their rights are in no way interrelated with the applicants who are permitted to defend.

Generally it has been held in other jurisdictions when the interests of multiple defendants are *inseparable* and their defenses to an action are *interrelated* and *dependent* upon the other defendant's rights an order setting aside the judgment operates as to

all whose rights are interrelated and inseparable and the judgment in such case is set aside as to all codefendants. (See *District of Clifton v. Pfirman,* 33 Ky. L. R. 529, 110 S. W. 406; *Sturgis, Cornish & Burns Co. v. Miller,* 79 Neb. 404, 112 N. W. 595; 42 A. L. R. 2d 1037 Anno.).

In *Sturgis, Cornish & Burns Co. v. Miller,* supra, judgment was rendered against both principal and surety on a bill of exchange. The principal was let in to defend the action and the court opened the judgment as to both principal and surety since the rights of the defendants were interrelated and inseparable. The liability of the surety was dependent upon the judgment against the principal. When the principal was let in to defend, the judgment was opened as to both defendants.

In *Campbell v. Nako Corporation,* supra, at page 75 of the opinion we said:

"We should point out that the question before us is not what should be done when the case is finally presented, but whether the appellants have a right to be heard, and we hold that having brought themselves within the provisions of K. S. A. 60-309 (*a*), they have such right and should have their day in court.

"In view of all that has been said, we conclude the trial court erred in its order denying appellants' application and that order is reversed and the case remanded with directions to open the judgment rendered against appellants and that they be let in to defend."

The interests of the overriding royalty holders are dependent upon the lease and are interrelated and inseparable to such an extent that the rights of the overriding royalty holders (Klippels) depend in this case upon a defense of the action to forfeit and cancel the (Nako Corporation) lease. Under the particular circumstances of this case the interests of these two groups of defendants were inseparable and the previous judgment declaring a forfeiture and cancellation of the lease was set aside as to both groups of defendants under *Campbell v. Nako Corporation,* supra. B. W. Klippel and Alleen P. Klippel should have been let in to defend upon all issues framed by the pleadings.

The appellees (landowners) insist that the right to make a defense against the action should be denied the appellants because no privity of estate and contract exists between the landowners and the owners of the overriding royalty interests. It should be noted that this action is not brought by the overriding royalty owners to enforce rights arising out of a contract or estate. This

action was brought by the landowners to have the court declare a forfeiture and obtain cancellation of an oil and gas lease. It cannot be denied that appellants are interested parties. They were considered so and made defendants in the action. The landowners are required to establish the allegations in the petition upon which the court can decree forfeiture and cancellation of the lease. The appellants may defend their interests by questioning the sufficiency of the evidence upon which the plaintiffs base their claim to forfeiture and may introduce contradictory evidence. The appellants hold rights dependent upon the life of the oil and gas lease. They may lack privity of estate and contract which would prevent them from enforcing covenants in the lease against the landowners or the lessee, but they should not be precluded from defending an action brought by the landowners to declare the lease forfeited and cancelled. They may attempt to prove the lease is in production and continues to be properly and prudently operated, if such be the case.

The owners of a royalty interest dependent upon continued production were permitted to defend an action to cancel an oil and gas lease in *Brack v. McDowell,* 182 Kan. 368, 320 P. 2d 1056. The right to defend against actions to quiet title against terminable interests depending upon continuous oil production has been generally recognized in Kansas. (See *Wilson v. Holm,* 164 Kan. 229, 188 P. 2d 899; *Wagner v. Sunray Mid-Continent Oil Co.,* 182 Kan. 81, 318 P. 2d 1039.)

One additional question is raised on this appeal. The case was tried after a pre-trial order was entered by the trial judge. The contention is made that this pre-trial order was agreed to by the parties and entered by the judge three months before trial, that it limited the issues to fraud and collusion and must control the subsequent course of the action, including this appeal. The appellants did not present a motion to modify the pre-trial order. The appellants did resist the original entry of the order and insisted upon introducing evidence to establish the lease.

This pre-trial order contains no admissions, agreements or stipulations by the parties upon which a limitation of factual issues can be made. The pre-trial order was the trial court's ruling on a question of law.

Issues of fact to be tried may be limited by admissions, agreements and stipulations of counsel and when set forth in the pre-

trial order will govern the scope of the trial issues. (See *Andersen v. Andersen,* 173 Kan. 467, 249 P. 2d 686.)

The pre-trial order in the present case covered a ruling of law based upon an erroneous interpretation of our previous decision in *Campbell v. Nako Corporation,* supra. A pre-trial order does not preclude review of the trial court's ruling on a question of law. (1A *Barron and Holtzoff, Federal Practice and Procedure* § 471, 473; *Smith, Kirkpatrick & Co. v. Continental Autos Ltd.* [D. C. D. C. 1960] 184 F. Supp. 764; *Macklin v. Kaiser Co.,* [D. C. Or. 1946] 69 F. Supp. 137.)

The appellants, B. W. Klippel and Alleen P. Klippel, should be permitted to defend on all issues framed by the pleadings and amendments thereto.

The judgment is reversed.