No 44,769

VADA S. PIERCE and FARMERS INSURANCE EXCHANGE, an Insurance Carrier, *Appellants*, v. JUDITH A. MELZER, *Appellee.*

(427 P. 2d 632)

Opinion filed May 13, 1967.

*Otto J. Koerner,* of Wichita, argued the cause and was on the brief for the appellants.

*Owen J. Redmond, Jr.,* of Wichita, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: The present appeal stems from a negligence action for injuries received in an automobile accident. The action was filed by Vada S. Pierce and Farmers Insurance Exchange, an insurance carrier, against Judith A. Melzer.

On November 14, 1963, plaintiff, Vada S. Pierce, was a passenger in a vehicle traveling north on Meridian street in Wichita, Kansas. The driver of the vehicle in which she was riding had slowed to make a right turn on Orient Boulevard when a vehicle driven by the defendant Judith A. Melzer skidded 42 feet and struck the left rear of the vehicle in which plaintiff was riding. The defendant's

vehicle continued to skid 48 feet after impact. The defendant got out of the vehicle and permitted it to roll back and strike the left front of the vehicle in which plaintiff was riding.

The defendant was an uninsured motorist. Farmers Insurance Exchange by negotiation and compromise of liability under an uninsured motorist clause paid Vada S. Pierce for personal injuries. Thereafter the insurance carrier and Vada S. Pierce joined as plaintiffs in the present suit against defendant Melzer.

Plaintiffs allege in the petition defendant negligently, wilfully and wantonly drove a motor vehicle against the vehicle in which plaintiff, Pierce, was a passenger. The nature of plaintiff's injuries are set forth and the amount incurred for medical and hospital expenses is stated. They allege the defendant was grossly and wantonly negligent in the following particulars:

"In driving at a high rate of speed which was dangerous under the facts and circumstances then and there existing, in skiding (*sic*) 42 feet prior to the impact and knocking the vehicle in which the plaintiff was riding 38 feet and in traveling 86 feet northwest after impact, striking the west curb of Meridian and then skiding (*sic*) 48 feet back and involving a second impact with the vehicle the plaintiff was riding in."

Plaintiffs ask for punitive damages.

The defendant filed answer denying negligence and denying wilful and wanton conduct. For further answer defendant stated that she filed a bankruptcy petition under federal law and was discharged on October 16, 1964.

The accident giving rise to this action occurred November 14, 1963. The petition in the negligence action was filed November 9, 1965. The discharge in bankruptcy pleaded by defendant occurred a year prior to the filing of the present action.

A pre-trial conference order was entered. The case came on for trial to a jury. After the plaintiffs introduced their evidence they rested and the defendant moved the court to "return an involultary verdict" for the reason that the plaintiffs had failed to prove the defendant was guilty of gross and wanton negligence. The motion was sustained. The court directed an "involuntary verdict" for the defendant. The jury was discharged. Plaintiffs were ordered to pay the costs of the action.

Plaintiffs appeal from the judgment for the reason and on the ground the court erroneously refused to permit the case to go to the jury for recovery of damages on ordinary negligence. They

do not question the court's determination that the evidence failed to show defendant's acts constituted wilful and wanton negligence.

There is no provision in our statute which relates to a "motion for involuntary verdict." K. S. A. 60-241 (*b*) relates to a motion for involuntary dismissal of an action. K. S. A. 60-250 relates to a motion for a directed verdict. Since the case was being tried before a jury *motion for a directed verdict* was a more accurate designation. Our rules relating to such motions are quite similar to the federal rules.

In *Sano v. Pennsylvania Railroad Company*, 282 F. 2d 936 (1960) a motion for involuntary dismissal was granted in a jury trial at the close of plaintiff's evidence and upon appeal the circuit court said: (p. 938.)

". . . Since the case was being tried with a jury a motion for a directed verdict under rule 50 (*a*), Federal Rules of Civil Procedure, was the more appropriate motion. Kingston v. McGrath, 9 Cir. 1956, 232 F. 2d 495, 54 A. L. R. 2d 267 . . ."

The pertinent part of the journal entry which recites the nature of the motion and the court's judgment thereon reads:

"THEREUPON, the Court after admonishing the Jury prepared a recess, and the defendant by and through her attorney, Owen J. Redmond, Jr., made a Motion that the Court return an involuntary verdict for the defendant, for the reason that, the plaintiff had failed to prove in the light of the evidence most favorable to the plaintiff, that this defendant was guilty of gross and wanton negligence, and said cause was thereupon argued to the Court, and after said cause having been argued, said Motion was sustained, and the Court thereupon, directed an involuntary verdict for the defendant.

"THEREAFTER, the parties being present as aforesaid, said Jury was recalled in the Box, and the Court explained to them that it had sustained the Motion for an involuntary verdict and discharged said Jury.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT that an involuntary verdict should be and is hereby entered in favor of the defendant, and that plaintiffs pay the costs of said action."

Thereafter plaintiffs filed motion for new trial, contending the court erred: (1) In holding plaintiffs' claim was limited and based upon proof of wilful and wanton negligence; (2) In determining that plaintiffs' action could not be based upon ordinary negligence by defendant because of limitations prescribed in the pre-trial order and (3) In failing to submit the action to the jury based on ordinary negligence. This motion was overruled.

The pre-trial conference order seems to be the center of contro-

versy between the parties. Omitting the preface to this order it is as follows:

"WHEREUPON, after considering the arguments and stipulations of counsel, the pleadings and exhibits submitted, The Court made the following order:

"1. *The parties have agreed to be bound by the following stipulations:* (Emphasis added.)

"(a) That on November 14, 1963, an automobile accident occurred between a vehicle in which the plaintiff, Vada S. Pierce, was a passenger and a vehicle operated by the defendant, Judith A. Melzer.

"(b) That on November 14, 1963, a valid insurance contract was in full force and effect between the plaintiff Farmers Insurance Exchange as insurer, and Vada S. Pierce as insured.

"(c) That the plaintiff Farmers Insurance Exchange paid to the plaintiff, Vada S. Pierce, the sum of $2,500.02 pursuant to the terms of the insurance policy contract as result of injuries sustained by Vada S. Pierce in the accident on November 14, 1963.

"(d) That the plaintiff, Vada S. Pierce, had a life expectancy of 15.78 years at the time of the accident on November 14, 1963.

"(e) That the plaintiff, Vada S. Pierce, incurred the following medical bills as a result of the accident on November 14, 1963:

| | |
|---|---|
| (1) McCormick Corset Shop | $50.64 |
| (2) Dr. Gale G. Elder | 218.00 |
| (3) Osteopathic Hospital | 247.85 |
| (4) Wichita Clinic | 65.50 |
| Total | $581.99 |

"2. *The remaining issues of fact are to be determined as follows:* (Emphasis added.)

(a) Was the defendant, Judith A. Melzer, operating her motor vehicle at an excessive rate of speed on November 14, 1963, at the time of the accident.

(b) Did such speed constitute gross and wanton negligence on the part of the defendant, Judith A. Melzer.

(c) The amount of damages to the plaintiff, if any.

"3. *The remaining questions of law to be decided are as follows:* (Emphasis added.)

(a) Did the defendant, Judith A. Melzer, operate her motor vehicle at a speed which would constitute gross and wanton negligence on November 14, 1963, at the time of the accident.

"4. (This item consists of the name and address of witnesses identified by plaintiff.)

"5. (This item consists of the names and addresses of witnesses identified by defendant.)

"6. (This item identifies exhibits to be offered by plaintiff.)

"7. (This item identifies exhibits to be offered by defendant.)

"IT IS FURTHER ORDERED that the trial in this case shall be limited to the issues contained in this order except by order of the Court."

The above order was signed by the judge and approved by attorneys for both parties.

No stenographic report of the pre-trial proceedings was taken. No verbatim stenographic report of the colloquy between court and counsel on the day of trial is set forth in the record on appeal. The parties disagree in their briefs and in oral argument as to the basis for denying plaintiff the right to submit the cause of action for ordinary negligence to the jury.

Both parties designated identical portions of the record to be considered on this appeal. The record on appeal contains the following narrative statement concerning matters at the pre-trial conference and on the day of trial.

"At the pre-trial the question of discharge was discussed and the issue of ordinary negligence was not allowed by the court on the ruling of the court that the bankruptcy was a bar to recovery for ordinary negligence. The legal question of the bankruptcy was thereby removed.

"The day of trial the court offered to allow the plaintiffs to proceed on ordinary negligence or wilful and wanton negligence by election of the plaintiffs. Plaintiffs did not believe they were obligated to make such elections and defendant objected to proceeding on ordinary negligence upon an election by the plaintiffs.

"Trial was commenced on the court's order that the issue would be limited to wilful and wanton negligence and the plaintiffs were barred from the issue of ordinary negligence by the court."

The plaintiffs' petition alleged ordinary negligence as well as wilful and wanton conduct. The answer of defendant denied both negligence and wilful and wanton conduct and stated:

3. Further Answering, defendant states that she has filed a bankruptcy petition in the United States District Court for the District of Kansas, Case No. 8717-B-2, and that said defendant was discharged on the 16th day of October, 1964.

"WHEREFORE, defendant having fully answered plaintiff's petition, prays that plaintiff take nothing by her pretended cause of action, and defendant have judgment for costs and for such other and further relief as to the Court may deem just and proper."

Both parties now agree on the general effect of the federal bankruptcy laws upon tort claims. A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as are liabilities for wilful and malicious injuries to the person or property of another. (11 U. S. C. A. Sec. 35.) The parties further agree that in order for an ordinary negligence action to be discharged as a provable debt of the bank-

rupt the negligence action must have been filed prior to and be pending at the time of the filing of the petition in bankruptcy. (11 U. S. C. A Sec. 103 (a) (7); 9 Am. Jur. 2d Bankruptcy § 406; 3 Collier on Bankruptcy p. 1909 [14th Ed.].)

The record in the present case indicates that plaintiffs' action was not filed until over a year after the defendant's discharge in bankruptcy and that the discharge in bankruptcy pled in paragraph 3 of the defendant's answer could not affect plaintiffs' cause of action filed November 9, 1965.

The defendant contends that plaintiff was limited by the pre-trial order to recovery on proof of gross and wanton negligence. The pre-trial order sets out the stipulations or admissions of the parties under item 1. We find nothing stipulated or admitted which would limit the plaintiff to recovery based on proof of gross and wanton conduct. There is no mention of defendant's discharge in bankruptcy and no admission of fact which would make plaintiffs' cause of action a provable claim subject to discharge on October 16, 1964.

Although there appears some ambiguity between item 2 and item 3 of the pre-trial order yet item 2 lists three issues to be determined.

"(a) Was the defendant, Judith A. Melzer, operating her motor vehicle at an excessive rate of speed on November 14, 1963, at the time of the accident." (Negligence.)

"(b) Did such speed constitute gross and wanton negligence on the part of the defendant, Judith A. Melzer." (Gross and wanton conduct.)

"(c) The amount of damages to the plaintiff, if any."

These three issues are the identical issues referred to in paragraph two of the answer. There defendant requested strict proof of negligence, of wilful and wanton conduct and of damages.

It appears that a cause of action based on negligence was alleged in the petition, that such negligence was denied by defendant in the answer and that the pre-trial order identified the nature of defendant's negligence as operating her motor vehicle at an excessive rate of speed at the time of the accident.

The remaining issues of fact listed by the trial court under item 2 in the pre-trial order could not have been meant to be exclusive for the parties did not stipulate in item 1 as to other issues necessary to sustain the cause of action, such as proximate cause. The significance and purpose of item 2 and of item 3 in the pre-trial order are obscure. The matter listed as a remaining question of law

under item 3 is apparently a combination of items 2 (*a*) and 2 (*b*) listed as remaining issues of fact to be determined.

If the pre-trial order was entered by the court with the intention of limiting plaintiff to proof of gross and wanton conduct it was an erroneous ruling of law and subject to review on appeal.

In *Campbell v. Nako Corporation,* 198 Kan. 421, 429, 424 P. 2d 586, we said:

"Issues of fact to be tried may be limited by admissions, agreements and stipulations of counsel and when set forth in the pre-trial order will govern the scope of the trial issues. (See *Andersen v. Andersen,* 173 Kan. 467, 249 P. 2d 686.)

"The pre-trial order in the present case covered a ruling of law based upon an erroneous interpretation of our previous decision in *Campbell v. Nako Corporation,* supra. A pre-trial order does not preclude review of the trial court's ruling on a question of law. (1A Barron and Holtzoff, Federal Practice and Procedure §§ 471, 473; *Smith, Kirkpatrick & Co. v. Continental Autos Ltd.* [D. C. D. C. 1960] 184 F. Supp. 764; *Macklin v. Kaiser Co.* [D. C. Or. 1946] 69 F. Supp 137.)"

The defendant contends that on the day of trial plaintiffs elected to and did proceed to trial upon a theory of wilful and wanton conduct, having elected to proceed on one theory of recovery they were bound thereby and the court properly precluded plaintiffs from recovery based upon ordinary negligence. We do not agree.

The doctrine of the election of remedies, that the pursuit of one remedy will exclude the pursuit of another, applies only to those cases in which the party has two or more remedies which are inconsistent with each other, and has no application where under the facts the remedies available are concurrent and consistent. (28 C. J. S. Election of Remedies § 3; 25 Am. Jur. 2d Election of Remedies § 10.) A person injured in an automobile accident may file an action to recover damages caused by the tortious acts of the defendant. If the tortious acts are of such a nature as to be gross and wanton the plaintiff may recover punitive or exemplary damages. (See K. S. A. 60-209 [g].) The insufficiency of proof of gross and wanton acts on the part of defendant limits the plaintiffs to an action for recovery of compensatory damages. This does not result in substantial change in plaintiffs' claim although certain differences may flow therefrom.

This court in *Cadwallader v. Bennett,* 187 Kan. 246, 250, 356 P. 2d 862 stated:

"The definition of wantonness has been recently set forth by this court in *Hickert v. Wright*, 182 Kan. 100, 319 P. 2d 152; and *Bailey v. Resner*, 168 Kan. 439, 214 P. 2d 323. It has also been said the two types of conduct (negligent conduct and wantonness) differ in kind and not degree. (*Koster v. Matson*, 139 Kan. 124, 30 P. 2d 107.) Several differences may be noted. First, the elements of proof are different; second, they differ as to the types of damages to which the plaintiff is entitled—a judgment based on negligence entitles the plaintiff to compensatory damages only, while a judgment based on wantonness entitles the plaintiff to both compensatory damages and exemplary or punitive damages (*A. T. & S. F. Rld. Co. v. McGinnis*, 46 Kan. 109, 26 Pac. 453) although it is not required that a plaintiff seek exemplary or punitive damages; and third, a major difference is indicated in the way in which the judgments are affected by an adjudication of bankruptcy on the part of the defendant. A judgment based upon negligence is a debt which is dischargeable, while a judgment based on 'willful and malicious injuries to the person and property of another' is not dischargeable. (11 U. S. C. A. § 35 [1953].)"

In *Cadwallader* it was held that the allowance of a motion to amend the cause from negligence to gross and wanton conduct was not a substantial change in plaintiff's claim.

There is nothing inconsistent in the present action in allowing plaintiffs to pursue their action to recover damages arising out of a car accident based upon the negligent acts of the defendant. Such action was properly brought to recover both compensatory and exemplary damages. When the evidence failed to establish gross and wanton conduct by defendant as a matter of law, plaintiffs were entitled to have the case go to the jury on the issue of ordinary negligence.

The prior proceedings in this case have finally determined that defendant's acts did not constitute gross and wanton conduct. Plaintiffs have conceded this point by failure to appeal from that portion of the judgment.

The remaining question for determination is whether plaintiffs can establish their cause of action based on negligence. The judgment denying plaintiffs the right of action for ordinary negligence is reversed and the case is remanded for further proceedings consistent herewith.